Robert KILLMAN *v.* STATE of Arkansas

CR 81-122                                        625 S.W. 2d 489

Supreme Court of Arkansas
Opinion delivered December 21, 1981

*Robert F. Andrews,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Robert Killman, was convicted of second-degree battery. The jury fixed his punishment at three years imprisonment but recommended that two years be suspended. The court accepted the jury's recommendation and entered judgment accordingly. We affirm.

The evidence at trial showed that the incident occurred in Walnut Ridge at the home of William McCrory, a mutual friend of the victim and appellant. The victim arrived at the home and became angry because his girlfriend had driven appellant's car to go get some beer. After an exchange of words, appellant pulled a gun and shot the victim twice. At trial, appellant relied on self-defense as justification for the shooting.

Appellant argues for reversal that he should have been allowed to elicit opinion testimony from a psychiatrist, Dr. Daniel R. Frances, to the effect that appellant was not a violent person since this was relevant to both the crime with which he was charged and his defense, citing *Finnie* v. *State,* 267 Ark. 638, 593 S.W. 2d 32 (1980). Appellant relies upon Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979):

> Rule 404. Character evidence not admissible to prove conduct, exceptions — Other crimes. — (a) Character Evidence Generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

> (1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same; . . .

> Rule 405. Methods of proving character. — (a)

Reputation or Opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

Under the above rules it is clear that a defendant can introduce into evidence pertinent traits of character. However, Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979), Rule 103 states:

(a) Error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and

. . . .

(2) [T]he substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Here, the record reflects that at trial appellant attempted to introduce Dr. Frances's testimony only for the purpose of mitigation of punishment and not to show a character trait of nonviolence. Therefore, the substance of the evidence which appellant attempted to introduce was not sufficiently made known to the trial court and was not apparent from the context of the questions appellant asked Dr. Frances. Before an issue is preserved for review on appeal, it must first be raised in the trial court.

Appellant next argues that Dr. Frances should have been allowed to testify, as a mitigating circumstance for the jury to consider, that appellant was not a violent person and not a danger to the community and, therefore, was not in need of rehabilitation. This Court addressed this issue in *Fields* v. *State,* 255 Ark. 540, 502 S.W. 2d 480 (1973) and held that "The effect upon an individual of being sent to the penitentiary has nothing to do with one's guilt or innocence on the charge being tried . . . [and] such testimony is entirely and completely irrelevant."

The Arkansas Criminal Code, Article 3, Ark. Stat. Ann. §§ 41-801 — 1351 (Repl. 1977) provides for the disposition of offenders. Section 41-802 provides that "[T]he jury shall *fix punishment* as authorized by this Article." (Emphasis added) Section 41-803 provides "No defendant convicted of an offense shall be *sentenced* otherwise than in accordance with this Article." (Emphasis added)

Section 41-1201 sets out the criteria for the court in making a determination as to suspension or probation. This section sets out 17 separate matters for consideration to guide the court in determining whether or not a person should be sent to the penitentiary. Therefore, questions of mitigation are properly presented to the court which has the responsibility of sentencing after the maximum punishment is fixed by the jury. The Commentary to this section outlines various legislative acts the trial court should consider in sentencing and provides:

> By suggesting mitigating circumstances to which the defendant can call the court's attention, the Commission hopes to encourage the use of suspension or probation as alternatives to imprisonment.

It is clearly the intent of the Arkansas Criminal Code that mitigating circumstances be left for the consideration of the sentencing court.

Finally, appellant argues that the jury's verdict was not supported by the weight of the evidence because the State's evidence was not sufficient to overcome appellant's assertion of self-defense. This argument is without merit. The State must prove each element of the charge beyond a reasonable doubt, which includes negating the defense of justification once it is put in issue. *See Peals* v. *State,* 266 Ark. 410, 584 S.W. 2d 1 (1979); Ark. Stat. Ann. § 41-115 (5) (c) (Repl. 1977). However, once the jury decides that the defendant was not justified in his actions, the State's burden is automatically met. In this case the jury, by finding appellant guilty, also found that the State had proved its case beyond a reasonable doubt, including the negation of appellant's defense.

If the jury's verdict is appealed, this Court looks to whether there is substantial evidence to support the verdict. *Jones* v. *State*, 269 Ark. 119, 598 S.W. 2d 748 (1980). After considering the testimony of the victim, two eyewitnesses to the shooting, and a police officer who took a statement from appellant, we conclude there is substantial evidence in this case to support the jury's verdict.

Affirmed.

HICKMAN and PURTLE, JJ., concur.

DARRELL HICKMAN, Justice, concurring. I concur with the result. I disagree with the language in the opinion that could be interpreted to unduly limit a defendant from presenting evidence in mitigation.

PURTLE, J., joins.