**Alexandria**

WILLIAM E. MASON

v.

COMMONWEALTH OF VIRGINIA

No. 0511-91-4

Decided June 9, 1992

COUNSEL

Susan Korfanty, Assistant Public Defender (Ruth S. Bergin, on brief), for appellant.

Kathleen Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**MOON, J.**—We hold that once a defendant has entered a plea of not guilty, he is entitled to have the jury pass upon his guilt or innocence even though he admits his guilt during his own testimony. Therefore, we reverse the conviction of William Mason because the trial judge threatened to change Mason's plea of not guilty to a plea of guilty and to sentence Mason without the intervention of the jury if Mason, in his testimony before the jury, admitted his guilt by acknowledging proof of all of the elements of the offense for which he was on trial.

On November 21, 1990, undercover Officer Leon Black approached Mason and told him he wanted a "twenty," indicating $20 worth of crack cocaine. Mason told Black to follow him. He then asked Black if he wanted more than one. Black said he had enough money for two, if they were "nice."

Black gave Mason $20 in exchange for what he believed to be crack cocaine. After Mason left Black, Black saw Mason talking with another person a short distance away. Then Mason returned and gave Black another piece of a substance. Mason said, "It's small because it's from the bottom of the barrel." Black said that it was too small for $20. Thereupon, Mason bit a piece off the substance he had in his hand and gave it to Black, who then gave Mason another $20. Black then left the area and described Mason to other officers.

A short time later, Mason was stopped by police officers who searched him and found cocaine crumbs in his pants pocket. The money from the transaction was not found on Mason but was recovered from Duane Mann, who, according to Officer Black, was the person with whom Mason had been talking before Mason made the second sale to Black. The substances Black purchased from Mason field-tested positive for crack cocaine, but, when tested by the lab, the first piece was found not to be cocaine. The second piece was determined to be cocaine.

At the close of the Commonwealth's evidence, defense counsel advised the court that Mason wished to testify but that defense counsel wished to speak to Mason first. Thereupon, the trial judge instructed defense counsel that if Mason acknowledged his guilt during his testimony, the judge would change Mason's plea from not guilty to guilty and sentence him without the intervention of a jury. After a conference between Mason and counsel, Mason's counsel advised the court that Mason had decided not to testify and counsel rested Mason's case. When the jury retired, and the first instruction was being considered, defense counsel proffered for the record that Mason would have testified that, although he did sell crack cocaine to Officer Black, that he, Mason, was a drug user rather than a "large big-time, per se, drug dealer." The jury found Mason guilty of distribution of cocaine and fixed his punishment at ten years imprisonment and a $1875 fine.

■ Virginia Constitution Article I, § 8 provides "[t]hat in criminal prosecutions a man . . . shall enjoy the right to a speedy and public trial, by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty."

■ Code § 19.2-295 provides that "[w]ithin the limits prescribed by law, the term of confinement in the state correctional facility or in jail and the amount of fine, if any, of a person convicted of a criminal offense, shall be ascertained by the jury, or by the court in cases tried without a jury."

Code § 19.2-259 provides:

A person tried for [a] felony shall be personally present during the trial. If when arraigned he will not plead or answer and does not confess his guilt the court shall have the plea of not guilty entered and the trial shall proceed as if the accused had put in that plea.

■ Rule 3A:8(b) provides that a circuit court shall not accept a plea of guilty or nolo contendere without first determining that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea.

■ Finally, the record must affirmatively show that a guilty plea is entered freely and intelligently. *Stokes v. Slayton*, 340 F. Supp. 190, 192 (W.D. Va. 1972), *aff'd*, 473 F.2d 906 (4th Cir. 1973).

In *Huggins v. Commonwealth*, 213 Va. 327, 191 S.E.2d 734 (1972), the Virginia Supreme Court, upon reversing a death penalty sentence, declined to consider if it had the authority to impose sentence based upon a review of the record.

In Virginia, when the court sits without a jury, the trial judge both tries the issue of guilt and fixes the penalty; when the accused demands a jury, the jury performs both functions. Code §§ 19.1-192, -291 and -292 [now Code §§ 19.2-257 and -295]. The right to have the jury perform both functions is a part of the right of trial by jury.

We do not decide the extent of our authority under Article VI, § 6 of the Virginia Constitution and Code § 19.1-288

[now Code § 19.2-374] to modify a judgment order entered upon a sentence fixed by the trial judge or a jury. We merely conclude that this case should be and it is remanded for a new trial on the issue of punishment.

*Id.* at 328-29, 191 S.E.2d at 736.

Thus, the Supreme Court held that, when the only issue before the new jury to be convened on remand would be the issue of punishment, the defendant, having pled not guilty and invoked his right to a jury trial, retained that right on retrial.

■ Thus, the right to plead not guilty and have one's guilt or innocence and punishment determined by the jury is not only recognized in the law but given great deference. The constitutional right to a jury trial encompasses only the right to have the jury determine the guilt or innocence of an accused, not the sentence to be imposed. *Fogg v. Commonwealth*, 215 Va. 164, 166, 207 S.E.2d 847, 849 (1974). But no statute permits the trial court to enter a guilty plea for a defendant without the defendant's voluntary consent and full understanding of the ramifications of his or her plea.

We find nothing in the law that authorizes a trial court to change a defendant's plea of not guilty to guilty, even when the defendant essentially admits his guilt on the witness stand.

The statutes give the defendant the right to plead not guilty, to testify, and, notwithstanding his testimony, to have the jury pass upon his guilt or innocence and fix his sentence if found guilty. Thus, we hold that the trial court erred in informing the defendant that the defendant's plea would be changed to guilty should he testify and admit his guilt, thereby depriving the defendant of his right to have the jury determine guilt and impose sentence.

The Commonwealth does not defend the right of the trial judge to change defendant's plea under the circumstances of this case but argues that defense counsel did not comply with Rule 5A:18 by timely noting an objection to the trial court's ruling. We believe that, from the circumstances, the trial judge was aware of the reason for counsel's objection and, when counsel notified the judge that her client had decided after the warning not to testify and within minutes thereafter proffered what defendant would

have said had he testified, the objection was obvious. *See Solomon v. Atlantic Coast Line R.R.*, 187 Va. 240, 243-44, 46 S.E.2d 369, 370 (1948)(holding that where the character of the objection is perfectly patent, the requirement that the reason for the objection be stated with reasonable certainty is met). Although technically the proffer came after counsel rested the case, nothing would have prevented the judge from retracting his statement, reopening the case and allowing appellant to testify.

■ The Commonwealth also argues that because Mason only proffered his intended testimony and did not testify, his appeal is barred because of this Court's holding in *Reed v. Commonwealth*, 6 Va. App. 65, 69, 366 S.E.2d 274, 277 (1988). In *Reed*, the trial judge made a preliminary ruling that if the defendant testified, the prosecution would be permitted to put into evidence a prior conviction. The defendant did not testify. *Reed* held that in order to raise the impeachment evidentiary issue on appeal, the defendant would have had to testify at trial. Otherwise, whether the judge would have admitted the prior conviction evidence was speculative. We hold that *Reed* does not apply here. The right to plead not guilty and have a jury pass upon one's guilt or innocence is of a constitutional dimension. *Reed* addressed only an evidentiary matter concerning a prior conviction. *See Luce v. United States*, 469 U.S. 38, 43 (1984) (Brennan, J., concurring); *New Jersey v. Portash*, 440 U.S. 450, 462 (1979) (Powell, J., concurring).

Finally, the Commonwealth argues that the error was harmless because defendant's proposed testimony was inadmissible, since it dealt with mitigation of punishment. *See Duncan v. Commonwealth*, 2 Va. App. 342, 346-47, 343 S.E.2d 392, 395 (1986). In *Duncan*, we held that it was not error to refuse a defendant's evidence of post-arrest restitution and his continued employment by the victim. The evidence was held relevant only to the issue of punishment and thus was not admissible. *Id.* Here, the proffered evidence concerned the defendant's state of mind and motivation for committing the acts charged in the indictment and thus went to his culpability, notwithstanding any effect the evidence might have had on his sentence. We do not find the error to be harmless.

Therefore, the judgment appealed from is reversed and the case remanded for a new trial.

*Reversed and remanded.*

Baker, J., and Benton, J., concurred.