Michael Leonard JONES *v.* STATE of Arkansas

CR 96-1192                                    942 S.W.2d 851

Supreme Court of Arkansas
Opinion delivered April 28, 1997

*Charles A. Potter,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant Michael Leonard Jones was charged with capital murder in the robbery and beating death of Willie Allen. Mr. Allen, who was an elderly resident of a nursing home, became disoriented and walked away from the home

sometime either in the late evening of May 5, 1995, or during the early morning hours of May 6. Testimony at trial established that appellant approached Mr. Allen as he was walking down the street early in the morning of May 6, knocked him to the ground, took his wallet and the change from his pockets, and continued to beat or kick him. Mr. Allen died as a result of his injuries. Appellant was convicted of capital murder and sentenced to life imprisonment without parole.

There is ample evidence of his guilt, and appellant does not challenge the sufficiency of the evidence to convict him; so we need not set out the facts in further detail. His sole point on appeal is that Ark. Code Ann. § 5-10-101 (Supp. 1995), the capital murder statute is unconstitutional due to the "overlap" in the definitions of the capital felony murder and first-degree felony murder. Ark. Code Ann. § 5-10-102 (Repl. 1993). He argues that the prosecutor could have charged him with either of these two offenses because there are no distinguishing characteristics between them, and further that the overlap violates the right to equal protection by subjecting persons similarly situated to vastly different punishments without any basis for the dissimilar treatment. We have addressed these arguments many times, and appellant gives us no reason to depart from our prior holdings.

First, we note that appellant's brief misquotes the felony element of the first-degree murder statute, and states that its wording is identical to the felony element of the capital murder statute. This is incorrect. To secure a conviction for capital felony murder, the State must prove that a defendant caused the death of any person under circumstances manifesting extreme indifference to human life, while in the course or furtherance of the commission of certain enumerated felonies. These felonies are rape, kidnapping, vehicular piracy, robbery, burglary, or a felony violation of the Uniform Controlled Substances Act, involving an actual delivery of a controlled substance, or escape in the first degree. Ark. Code Ann. § 5-10-101(a)(1) (Supp. 1995). To secure a conviction for first-degree felony murder, the State must prove that the defendant caused the death of a person under circumstances manifesting extreme indifference to human life, while committing or

attempting to commit a felony. Ark. Code Ann. § 5-10-102(a)(1) (Repl. 1993).

In any event, appellant's argument has no merit. It is impossible to avoid the use of general language in the definition of offenses. As we said in *White v. State*, 298 Ark. 55, 764 S.W.2d 613 (1989), the prosecutor is often compelled to choose among one or two or more offenses, no matter how precise the language may be. One or the other offense may be established at trial depending on the testimony of witnesses; for example, conflicting testimony of eyewitnesses may, depending on credibility, establish capital murder if the defendant committed robbery, but only first-degree murder if he committed a lesser felony. *Id.* at 59, 764 S.W.2d at 616; *see also Cromwell v. State*, 269 Ark. 104, 598 S.W.2d 733 (1980). Further, in *Cromwell,* an opinion by Justice George Rose Smith, we noted:

> The actual wording of the statute may have been chosen to lighten the possible punishment that might be imposed for conduct falling within the strict definition of capital murder — a consequence that might be acceptable both to the prosecution and to the defense. If that is not true in a particular case, presumably the defense can ask that the State be required to elect between the two degrees. In any event, we find no constitutional infirmity in the overlapping of the two sections, because there is no impermissible uncertainty in the definition of the offenses.

*Id.* at 107-08, 598 S.W.2d at 735. We adhere to our prior holdings. In accordance with Ark. Sup. Ct. R. 4-3(h), the record has been reviewed for rulings decided adversely to appellant, but not argued on appeal, and no reversible errors were found.

Affirmed.