*262 ANNUNZIATA, Judge, with whom COLEMAN and OVERTON, Judges, join, dissenting.
Because I believe the trial court did not abuse its discretion in excluding appellant’s evidence of the impact of his incarceration on his family and employment, I respectfully dissent.
Under Code § 19.2-295.1, detailing the sentencing proceeding in bifurcated felony jury trials, a “defendant may introduce relevant, admissible evidence related to punishment.” The question before this Court is whether the trial court abused its discretion in determining that the evidence appellant sought to introduce did not fall within the scope of “relevant ... evidence related to punishment” under Code § 19.2-295.1. See Coppola v. Commonwealth, 220 Va. 243, 253, 257 S.E.2d 797, 804 (1979) (“[Discretion is vested in the trial court to determine, subject to the rules of evidence governing admissibility, the evidence which may be adduced in mitigation of the offense.”).
Three well-accepted principles should guide our analysis of this issue. First, pursuant to the principles of statutory construction, the sentencing provisions of Code § 19.2-295.1 may be validly analogized to the statutory provisions applicable to the sentencing phase of bifurcated capital murder trials. See Gilliam v. Commonwealth, 21 Va.App. 519, 522-23, 465 S.E.2d 592, 594 (1996); Bunn v. Commonwealth, 21 Va.App. 593, 598, 466 S.E.2d 744, 746 (1996). Second, this Court must look to the “declared purposes of punishment for criminal conduct,” including “ ‘deterrence (general and specific), incapacitation, retribution and rehabilitation.’ ” Gilliam, 21 Va. App. at 524, 465 S.E.2d at 594 (quoting United States v. Morris, 837 F.Supp. 726, 729 (E.D.Va.1993)).[1] Third, Virginia law has historically maintained a clear distinction between the roles played by judge and jury in criminal sentencing. The trial judge, rather than the jury, “is vested with the responsi *263 bility of considering mitigating circumstances and pronouncing sentence.” Bruce v. Commonwealth, 9 Va.App. 298, 303, 387 S.E.2d 279, 281 (1990) (citing Duncan v. Commonwealth, 2 Va.App. 342, 345, 343 S.E.2d 392, 394 (1986)); see also Vines v. Muncy, 553 F.2d 342, 349 (4th Cir.1977); Allard v. Commonwealth, 24 Va.App. 57, 67-68, 480 S.E.2d 139, 144 (1997); Duncan, 2 Va.App. at 345-46, 343 S.E.2d at 394-95.
Under Code § 19.2-264.4, the statutory provisions applicable to the sentencing phase of bifurcated capital murder trials, “[t]he jury has the duty to consider all the evidence relevant to sentencing, both favorable and unfavorable” before making its determination. E.g., Stamper v. Commonwealth, 220 Va. 260, 275-76, 257 S.E.2d 808, 819 (1979). Evidence considered relevant to jury sentencing and in mitigation of punishment in capital murder sentencing is specifically addressed under Code § 19.2-264.4(B).[2] Although the list of mitigating factors is not exclusive, the enumerated factors share a common denominator: they all address either the defendant or the circumstances surrounding the crime. See Coppola, 220 Va. at 253, 257 S.E.2d at 804 (“The kind of evidence therein contemplated bears upon the record of the defendant and the atrociousness of his crime.”). Accordingly, under the statutory *264 scheme, mitigating evidence is that which shows “ ‘extenuating circumstances tending to explain, but not excuse, [the] commission of the crime.’ ” Correll v. Commonwealth, 232 Va. 454, 468, 352 S.E.2d 352, 360 (1987) (quoting Coppola, 220 Va. at 253, 257 S.E.2d at 797); see also Burket v. Commonwealth, 248 Va. 596, 616, 450 S.E.2d 124, 135 (1994); Murphy v. Commonwealth, 246 Va. 136, 142, 431 S.E.2d 48, 52 (1993).
Applying these principles, I would find the trial court did not abuse its discretion. During the sentencing phase, appellant sought to elicit testimony from his girlfriend and employer concerning the financial impact of his incarceration on his family and employer. Unlike the fact that appellant resided with his family and that he was employed, evidence of which was before the jury during the guilt phase of the trial, the testimony in question did not relate to appellant himself or the circumstances surrounding the crime. The evidence was, therefore, not relevant evidence related to punishment under Virginia law. See Code § 19.2-264.4; Coppola, 220 Va. at 253-54, 257 S.E.2d at 804 (holding that the effect of incarceration upon relatives is not a mitigating circumstance “analogous to any of the evidence specifically approved in the statute”). Nor was the evidence in question offered to explain the commission of the crime.
Furthermore, the relevance of appellant’s proffered evidence in this case, as it relates to the purposes of sentencing, must be viewed, not in the abstract, but in the context of the jury’s sentencing role under Virginia law. See Duncan, 2 Va.App. at 345-46, 343 S.E.2d at 394-95. The declared purposes of punishment for criminal conduct relate to: (1) the defendant (specific deterrence, incapacitation and rehabilitation); (2) the victim (retribution); or (3) the public at large (general deterrence). See Gilliam, 21 Va.App. at 524, 465 S.E.2d at 594 (citing Morris, 837 F.Supp. at 729). However, the jury’s role and its relationship to these sentencing purposes have been limited by Virginia law. Specifically, in non-capital cases, Virginia law confines the jury to determining the appropriate range of incarceration, with the exception that a judge may add a suspended sentence to the jury’s recommen *265 dation to ensure post-release supervision. Allard, 24 Va.App. at 68, 480 S.E.2d at 144; Bruce, 9 Va.App. at 303, 387 S.E.2d at 281 (citing Duncan, 2 Va.App. at 345, 343 S.E.2d at 394). Neither retribution nor rehabilitation through means other than incarceration comes within the purview of the sentencing jury.
Recent amendments to the statutory scheme have not eviscerated the distinction Virginia law has historically maintained between the respective roles of judge and jury, a distinction the majority opinion fails to reflect. See Allard, 24 Va.App. at 68, 480 S.E.2d at 144. Most of the cases the majority relies upon arise not in the context of jury sentencing, but rather in the context of sentencing by the judge;[3] the remainder do not *266 address the question of what evidence a defendant is entitled to present to a sentencing jury.[4]
The only authority cited by the majority which addresses mitigation evidence in the context of jury sentencing is Jurek v. Texas, 428 U.S. 262, 271, 96 S.Ct. 2950, 2956, 49 L.Ed.2d 929 (1976). The analysis of the United States Supreme Court in Jurek, however, highlights the distinction between judge and jury sentencing in Virginia. The Texas statute at issue in Jurek provided that the jury’s resolution of three statutory questions determined whether the death penalty would be imposed; the judge had no role to play in determining the sentence. Id. at 269, 96 S.Ct. at 2955. In contrast, Virginia sentencing procedure grants to the judge final authority over the sentence. Duncan, 2 Va.App. at 345, 343 S.E.2d at 394 (citing Vines v. Muncy, 553 F.2d 342, 349 (4th Cir.1977)). Precisely because the judge bears the ultimate responsibility for imposing sentence, “the consideration of mitigating circumstances [is for] the court.” Id. at 345, 343 S.E.2d at 394.
Finally, the majority’s approach is foreclosed in large part by the Virginia Supreme Court’s decision in Coppola, 220 Va. 243, 257 S.E.2d 797. In Coppola, the trial court excluded evidence of the impact of the defendant’s prosecution on his young children. In upholding the trial court’s ruling, the Supreme Court held that “the effect of [the defendant’s] incarceration upon relatives is not a mitigating circumstance for the jury to consider.” Id. at 254, 257 S.E.2d at 804. The effect of appellant’s incarceration upon his family, or, by analogy, his employer, likewise “is not a mitigating circum-
*267 stance for the jury to consider.” Id. I would hold that the trial court did not abuse its discretion, and would affirm appellant’s conviction.
For these reasons, I respectfully dissent.

. "Recognized '[t]heories of punishment’ include prevention, restraint, rehabilitation, deterrence, education, and retribution.” Gilliam, 21 Va.App. at 524 n. 3, 465 S.E.2d at 594 n. 3 (quoting Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 1.5 (1986)).

. Code § 19.2-264.4(B) provides:
In cases of trial by jury, evidence may be presented as to any matter which the court deems relevant to sentence, except that reports under the provisions of § 19.2-299, or tinder any rule of court, shall not be admitted into evidence.
Evidence which may be admissible, subject to the rules of evidence governing admissibility, may include the circumstances surrounding the offense, the history and background of the defendant, and any other facts in mitigation of the offense. Facts in mitigation may include, but shall not be limited to, the following: (i) The defendant has no significant history of prior criminal activity, (ii) the capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance, (iii) the victim was a participant in the defendant’s conduct or consented to the act, (iv) at the time of the commission of the capital felony, the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was significantly impaired, (v) the age of the defendant at the time of the commission of the capital offense or (vi) mental retardation of the defendant.

. See Eddings v. Oklahoma, 455 U.S. 104, 112-13, 102 S.Ct. 869, 875-76, 71 L.Ed.2d 1 (1982) (holding that the sentencing judge erroneously failed to consider evidence of mitigation); Lockett v. Ohio, 438 U.S. 586, 602-03, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973 (1978) (addressing the "sentencing judge’s ‘possession of the fullest information possible concerning the defendant's life and characteristics’ ” (quoting Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949))); Williams, 337 U.S. at 247, 69 S.Ct. at 1083 (explaining that the sentencing judge needs "the fullest information possible”); People v. Whalin, 885 P.2d 293, 298 (Colo.Ct.App.1994) (holding that sentencing court did not abuse its discretion in sentencing defendant to sixteen years for sexual assault on a child); People v. Andrade, 279 Ill.App.3d 292, 215 Ill.Dec. 859, 869, 664 N.E.2d 256, 266 (holding that sentencing court did not abuse its discretion in sentencing defendant to nine years for delivery of controlled substance), appeal denied, 168 Ill.2d 601, 219 Ill.Dec. 568, 671 N.E.2d 735 (1996); State v. Lee, 600 So.2d 796, 799 (La.Ct.App.1992) (holding that sentencing judge adequately considered statutory factors); Commonwealth v. Cotter, 415 Mass. 183, 612 N.E.2d 1145, 1148 (1993) (holding that sentencing court was justified in refusing to suspend sentence where defendant indicated he would not accept the conditions of probation); State v. Lemley, 552 N.W.2d 409, 411-12 (S.D.1996) (holding that sentencing court’s sentence of 350 years did not impose cruel and unusual punishment); State v. Morris, 750 S.W.2d 746, 750 (Tenn.Ct.Crim.App. 1987) (holding that trial judge properly considered evidence relating to statutory factors); Burket, 248 Va. at 615, 450 S.E.2d at 135 (holding that the sentencing judge adequately considered the mitigation evidence); Murphy, 246 Va. at 141-42, 431 S.E.2d at 51-52 (holding that the sentencing judge considered all of the evidence in mitigation); Correll, 232 Va. at 468, 352 S.E.2d at 360 (holding that the sentencing judge did not disregard mitigation evidence); Bassett v. Commonwealth, 13 Va.App. 580, 582- *266 83, 414 S.E.2d 419, 420-21 (1992) (holding that the sentencing judge adequately considered mitigating factors).

. See Pierce v. Commonwealth, 21 Va.App. 581, 583, 466 S.E.2d 130, 131 (1996) (holding that Code § 19.2-295.1 does not bar a defendant from introducing evidence at the sentencing phase of a jury trial because the Commonwealth does not introduce evidence); Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 55, 58 S.Ct. 59, 61, 82 L.Ed. 43 (1937) (holding that a state may provide that a person convicted of breaking out of a penitentiaiy serve an additional period not exceeding the original sentence).