COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Frank and Clements
Argued at Richmond, Virginia


KEVIN DARNELL WILLIAMS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1114-00-2          JUDGE ROBERT P. FRANK
                                         JUNE 12, 2001
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Margaret P. Spencer, Judge

           Joseph R. Winston, Special Appellate Counsel
           (Public Defender Commission, on brief), for
           appellant.

           John H. McLees, Jr., Senior Assistant
           Attorney General (Mark L. Earley, Attorney
           General, on brief), for appellee.


     Kevin Darnell Williams (appellant) was convicted by a jury of

robbery, use of a firearm, and possession of a firearm by a felon.

On appeal, he contends the trial court erred in sentencing him to

a sentence greater than that fixed by the jury on the robbery

count.  We agree.  We, therefore, vacate the sentence for robbery

and remand for resentencing.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  BACKGROUND[1]

A jury, in a bifurcated trial, found appellant guilty of robbery, use of a firearm in the commission of a felony, and possession of a firearm by a felon.  At the conclusion of the sentencing phase, the jury fixed appellant's punishment for the robbery conviction at five years.

After considering a pre-sentence report, the trial court sentenced appellant on the robbery conviction to eight years in prison with three years suspended for a period of fifteen years conditioned on good behavior and supervised probation.  The sentences on the remaining felonies were in accordance with the jury's verdict.  At trial, appellant did not object to the sentence.

## II.  ANALYSIS

Appellant contends the trial court did not have authority to increase the penalty fixed by the jury.  While this issue was not raised at the trial court, the Commonwealth, in its brief, conceded that this issue should not be procedurally defaulted under Rule 5A:18.  We agree.

> "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)).  However, Rule

---

[1] We do not recite the facts of the offense because such recitation is not necessary for our analysis.

5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

Legette v. Commonwealth, 33 Va. App. 221, 224, 532 S.E.2d 353, 354 (2000).

In the present case, we find manifest injustice because appellant was sentenced to a term in excess of that fixed by the jury. We, therefore, apply the "ends of justice" exception to Rule 5A:18 and address the merits of the appeal.

In Batts v. Commonwealth, 30 Va. App. 1, 515 S.E.2d 307 (1999), we wrote:

We recognize that Virginia law has historically maintained a clear distinction between the roles played by judge and jury in criminal sentencing. See Duncan v. Commonwealth, 2 Va. App. 342, 345, 343 S.E.2d 392, 394 (1986). "Under the statutory scheme, the jury determines the guilt or innocence of the accused. If the jury finds that he is guilty, it then 'ascertains' or 'fixes' the maximum punishment in accordance with contemporary community values and within the limits established by law." Id. (emphasis added). "After conviction, . . . the court may suspend

- 3 -

> imposition of sentence or suspend the sentence in whole or part . . . ."  Code § 19.2-303.
>
> "'[T]he punishment as fixed by the jury is not final or absolute, since its finding on the proper punishment is subject to suspension by the trial judge, in whole or in part, on the basis of any mitigating facts that the convicted defendant can marshal. The verdict of the jury is the fixing of maximum punishment which may be served. . . .'"  <u>Duncan</u>, 2 Va. App. at 345, 343 S.E.2d at 394 (quoting <u>Vines v. Muncy</u>, 553 F.2d 342, 349 (4th Cir. 1977)) (emphasis added).
>
> Clearly, the trial judge may reduce a sentence but may not exceed the "maximum punishment" fixed by the jury.

<u>Id.</u> at 15-16, 515 S.E.2d at 314-15.

On brief, the Commonwealth agrees the trial court can only increase the penalty fixed by the jury under the provisions of Code §§ 18.2-10 and 19.2-295.2.  However, the Commonwealth contends the trial court added the post-release supervision under these two provisions.  Essentially, the Commonwealth argues the trial court sentenced appellant to the five years fixed by the jury and then imposed a three-year post-release supervision period.  Neither the sentencing order nor the transcript of the sentencing proceeding reflects that the trial court referred to post-release supervision or to Code §§ 18.2-10 and 19.2-295.2.

Further, under Code § 19.2-295.2 "[t]he period of [post-release] supervision shall be established by the court; however, such period shall not be less than six months nor more

- 4 -

than three years." Code § 19.2-295.2. The trial court suspended three of the eight-year sentence for a period of fifteen years. The fifteen years far exceeded the three-year maximum period of post-release supervision established in Code §§ 18.2-10 and 19.2-295.2.

The jury fixed appellant's penalty at five years. The trial court then added three years to the jury's sentence and then suspended three of those years. While the trial court may have intended to impose an additional three-year post-release supervision, the record does not reflect that disposition. Finding that the trial court erred in imposing a sentence in excess of the time fixed by the jury, we vacate the sentencing order as it applies to the robbery conviction and remand for a sentencing hearing consistent with this opinion. The trial court, on remand, may or may not impose post-release supervision.[2]

For these reasons, we, therefore, vacate the sentencing order for the robbery conviction and remand for a new sentencing hearing.

<u>Vacated and remanded.</u>

---

[2] The Commonwealth concedes this case should be remanded "for the entry of a corrected order explicitly invoking the provisions of Code §§ 18.2-10(g) and 19.2-295.2." We cannot remand on such a narrow basis since the trial court must determine if post-release supervision is appropriate. For offenses committed between January 1, 1995 and June 30, 2000, post-release supervision was discretionary.