COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Clements and Beales
Argued at Richmond, Virginia


JOSEPH BOOKER

                                             MEMORANDUM OPINION[*] BY
v.        Record No. 1754-05-2         JUDGE JEAN HARRISON CLEMENTS
                                                 DECEMBER 19, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
Thomas V. Warren, Judge

(Tara D. Hatcher; Gates & Alexander PLC, on brief), for appellant.
Appellant submitting on brief.

Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        Joseph Booker (appellant) was convicted in a jury trial of three counts of distributing

cocaine, in violation of Code § 18.2-248.  The jury fixed appellant's punishment at twelve years'

imprisonment for each offense, for a total sentence of thirty-six years.  The trial court judge

sentenced appellant in accordance with the jury's verdict.  Appellant now appeals his sentence,

contending the trial judge erred in instructing the jury during sentencing deliberations that "[t]he

Court ha[d] the power to reduce, but not increase" the sentence fixed by the jury.  Finding no

error, we affirm appellant's sentence.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

Prior to the jury's deliberations during the sentencing phase of the trial, the trial judge instructed the jury that, having found appellant guilty of three counts of distributing cocaine, it was to fix appellant's punishment for each conviction at a specific term of imprisonment of not less than five and not more than forty years.  The judge further instructed the jury that, because Virginia had abolished parole, appellant would serve at least eighty-five percent of the time "ultimately imposed by the court."

During its sentencing deliberations, the jury submitted the following question to the court:  "Can the Judge alter the sentence?"  The judge informed counsel that he was "inclined to tell" the jury that he "can reduce, but cannot increase" the sentence fixed by the jury.  Defense counsel objected, arguing the jury should be told they are "not to concern themselves with what happens after they render their opinion."  Defense counsel further argued that telling the jury the court can reduce but not increase the sentence "sends the wrong message."  The judge responded to defense counsel:

> But the law is that I can reduce the sentence, but I can't increase it.  And it looks like to me if we're talking about truth in sentencing and letting the jury know . . . what the law says about something and answer their questions, the answer should be the Court has the power to reduce but not increase.

> \*        \*        \*        \*        \*        \*        \*

> I think that is a more honest and direct and forthright answer then just in effect telling them don't worry about it.  None of your business.

Over appellant's objection, the judge submitted the following answer to the jury:  "[T]he Court has the power to reduce, but not increase the sentence.  However, you shall not concern yourselves with what happens after your verdict is returned."

At the conclusion of its deliberations, the jury returned a verdict fixing appellant's punishment at twelve years in prison for each offense, for a total of thirty-six years. Thereafter, the trial judge denied appellant's motion to set aside the punishment fixed by the jury and sentenced appellant in accordance with the jury's verdict.

This appeal followed.

## II. ANALYSIS

On appeal, appellant argues the trial judge's instruction to the jury that the court had "the power to reduce, but not increase the sentence" fixed by the jury was improper because it caused the jury to impermissibly "speculate as to what action the trial court might take." Thus, appellant contends the judge erred in so instructing the jury. We disagree.

"'The trial judge has broad discretion in giving or denying instructions requested.'" Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc) (quoting John L. Costello, Virginia Criminal Law and Procedure § 60.6-8, 810 (2d ed. 1995)). In reviewing a jury instruction, we have the responsibility "'to see that the law has been clearly [and correctly] stated.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "An instruction that provides 'a correct statement of the law is one of the essentials of a fair trial.'" Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) (quoting Hucks v. Commonwealth, 33 Va. App. 168, 174, 531 S.E.2d 658, 661 (2000)). "No instruction should be given that 'incorrectly states the applicable law or which would be confusing or misleading to the jury.'" Id. (quoting Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990)).

"It is proper for a trial court to fully and completely respond to a jury's inquiry concerning its duties." Marlowe v. Commonwealth, 2 Va. App. 619, 625, 347 S.E.2d 167, 171

(1986). The trial court must "give a direct and correct response to an inquiry by the jury and its failure to do so is ground for reversal." Shepperson v. Commonwealth, 19 Va. App. 586, 591, 454 S.E.2d 5, 8 (1995). Indeed, it is error not to instruct the jury when, without such instruction, the jury may base its verdict on a mistaken belief of the law. See Martin v. Commonwealth, 218 Va. 4, 7, 235 S.E.2d 304, 305 (1977) (per curiam).

With regard to the penalty phase of a jury trial, our Supreme Court has expressly acknowledged that "'truth in sentencing' is a goal to be desired in the judicial process." Fishback v. Commonwealth, 260 Va. 104, 113, 532 S.E.2d 629, 632 (2000). The Court explained in Fishback that,

> to perform its responsibility[,] a jury is required to consider a broad range of punishment in terms of years of confinement statutorily established by the legislature. . . . However, within the permissible range of punishment a jury is required to determine a specific term of confinement that it considers to be an appropriate punishment under all the circumstances revealed by the evidence in the case. A jury should not be required to perform this critical and difficult responsibility without the benefit of all significant and appropriate information that would avoid the necessity that it speculate or act upon misconceptions concerning the effect of its decision. Surely a properly informed jury ensures a fair trial both to the defendant and the Commonwealth.

260 Va. at 113, 532 S.E.2d at 633. "[S]peculation by the jury," the Court added, "is inconsistent with a fair trial both to the defendant and the Commonwealth." Id. at 115, 532 S.E.2d at 634. "The question then becomes how a jury is to be instructed so that it is properly informed and can render a fair trial to both parties . . . ." Id. at 113-14, 532 S.E.2d at 633. The answer to that question necessarily turns on the specific circumstances of each case. See id. at 116, 532 S.E.2d at 634-35.

Applying the aforementioned principles to the issue before us on appeal, we hold that, under the circumstances of this case, the trial judge did not abuse his discretion by answering the jury's question as he did. Having been informed in a prior instruction that appellant's sentence

- 4 -

would be "ultimately imposed by the court," the jury asked whether the trial judge could "alter the sentence" set by the jury. The jury's inquiry clearly indicated that the jury knew the trial judge was ultimately responsible for imposing the sentence and that, based on that knowledge, the jury was engaging in speculation as to whether and how the judge might modify the punishment fixed by the jury. As the trial judge recognized, the failure to provide a correct, clear, and direct response to the jury's inquiry could have both engendered further speculation by the jury on whether the trial judge would increase or decrease appellant's punishment, and caused the jury to base their determination of appellant's punishment on a mistaken belief of the law. Hence, the judge informed the jury that he could reduce, but not increase, the sentence fixed by the jury and that they were not to concern themselves with what might occur after they determined appellant's sentence.

Because it was consistent with the goal enunciated in Fishback of having a fully informed sentencing jury that is able to avoid speculation and "misconceptions concerning the effect of its decision," id. at 113, 532 S.E.2d at 633, we cannot say the trial judge's response to the jury's inquiry was improper. Indeed, the judge's response "fully inform[ed] the jury upon the point to which their inquiry was directed," Jones v. Commonwealth, 194 Va. 273, 278, 72 S.E.2d 693, 696 (1952), and accurately stated the applicable law, see Duncan v. Commonwealth, 2 Va. App. 342, 344-45, 343 S.E.2d 392, 394 (1986) (holding that the trial court has the discretionary authority to reduce, but not increase, the sentence fixed by the jury (citing Code § 19.2-303)). Likewise, it was neither misleading nor confusing and prevented the jury from basing its verdict on a misconception of the law. Moreover, by informing the jury that they were not to be concerned with what happened after they returned their sentencing verdict, the trial judge further alleviated the jury's engagement in speculation as to what action the trial judge might take. "We presume the jury will understand and will follow their instructions." Gaines, 39 Va. App. at 567,

574 S.E.2d at 777 (citation omitted).  Accordingly, the trial judge's response to the jury's question did not deprive either party of a fair trial.  We conclude, therefore, that appellant's sentence was the product of a properly informed jury.

## III.  CONCLUSION

For these reasons, we hold the trial judge permissibly instructed the jury that the court had "the power to reduce, but not increase the sentence" fixed by the jury.  Hence, we affirm the trial court's judgment and appellant's sentence.

<u>Affirmed.</u>