Cite as 2023 Ark. 176

# SUPREME COURT OF ARKANSAS
**No.** CR-22-69

| | | |
|---|---|---|
| CORDALE STACY | | **Opinion Delivered:** December 7, 2023 |
| | APPELLANT | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. 62CR-17-501] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHRISTOPHER W. |
| | APPELLEE | MORLEDGE, JUDGE |
| | | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Cordale Stacy appeals a St. Francis County Circuit Court order convicting him of three counts of capital murder and sentencing him to a term of life imprisonment without parole on each count, plus fifteen years' imprisonment for a firearm enhancement, to run consecutively. For reversal, Stacy argues that the circuit court erred by denying his motions to dismiss the capital-murder charges because of an asserted statutory overlap of capital, first-degree, and second-degree murder. We affirm.

## I. *Facts*

Because Stacy does not challenge the sufficiency of the evidence, we provide only a brief recitation of the facts that led to Stacy's arrest. On October 18, 2017, at approximately 11:46 p.m., law enforcement responded to a call that someone had died in a Forrest City apartment. During their investigation, the officers approached Tireshia Jimmerson, who stated that she had heard eight shots coming from apartment 221 and had witnessed Stacy

running from the apartment. Officers entered apartment 221 and discovered that Nashae Williams and her two children, Minor Victim 1, age 9, and Minor Victim 2, age 6, had died from gunshot wounds.

On October 19, police officers interviewed Versia Mays, Stacy's mother, at the Forrest City Police Department. She stated that Stacy had dropped off his daughter "sometime after midnight" and left without saying anything. Officers also interviewed John Stacy, Stacy's father, who stated that he was asleep inside apartment 225 when Vericca Johnson woke him and said that shots had been fired. John went outside and observed his son leaving apartment 221 with his daughter. When Stacy proceeded to the parking lot, John went to apartment 221 and found Williams dead, lying in a pool of blood. John immediately went back to his apartment. When the officers asked if his son had anything to do with the deaths, John replied yes. Officers also interviewed Johnson, who stated that she took a bath and distinctively heard six gunshots, followed by the sound of crying children and two more shots. After the last two shots, she did not hear the children anymore. Johnson looked out the window and saw Stacy leaving apartment 221 with a small child. She was given a lineup consisting of six individuals and positively identified Stacy as the male she saw leaving the apartment.

Police officers arrested Stacy, and by an amended felony information, the State charged Stacy as a habitual offender with three counts of capital murder, a violation of Arkansas Code Annotated section 5–10–101(a)(4) (Supp. 2017 reprint) (premeditated-and-deliberated capital murder); alternatively, for the death of the two minor victims, two counts of capital murder, a violation of Arkansas Code Annotated section 5–10–101(a)(9)(A) (Supp.

2

2017 reprint) (child–abuse capital murder); possession of a firearm by certain persons; and a felony-with-a-firearm enhancement. The State sought the death penalty.

Prior to trial, Stacy filed two motions to quash the felony information. The first motion, "Motion to Quash Information on the Ground that Ark. Code Ann. § 5-10-101(a)(4), the Capital Murder Statute, is Unconstitutional Due to Its Overlap with Ark. Code Ann. § 5-10-102(a)(2) [(Supp. 2017 reprint)], the First Degree Murder Statute," related to Stacy's charges concerning the adult victim. Stacy requested that the circuit court enter an order quashing the felony information because of an unconstitutional overlap between section 5-10-101(a)(4), premeditated-and-deliberated capital murder, and 5-10-102(a)(2) (purposeful first-degree murder). The State responded that this court has repeatedly held that the Arkansas statutory scheme is not void for vagueness and that the overlapping provisions of capital murder and first-degree murder do not render them unconstitutional.

Stacy filed a second motion, "Motion to Quash Information on the Ground that Ark. Code Ann. § 5-10-101(a)(9)[(A)] is Unconstitutional Due to Vagueness and Its Overlap with Ark. Code Ann. §§ 5-10-102(a)(3) [(Supp. 2017 reprint)] and 5-10-103(a)(1) [(Repl. 2013)]," relating to Stacy's charges concerning the two minor victims. In this motion, he acknowledged that he had been charged with capital murder, a violation of Arkansas Code Annotated section 5-10-101(a)(9)(A); that the charge includes the lesser offenses of murder in the first degree and murder in the second degree; and that, at trial, he would have a right to instruct the jury on all lesser-included offenses. He asserted that the "Arkansas statutory scheme is unconstitutional because it fails to provide the jury with any

3

definition or standard by which it can differentiate between the capital murder section and the sections on first and second degree murder; thus, the jury is denied any real opportunity to reliably consider the lesser included offenses of first and second degree murder." Stacy further contended that section 5-10-101(a)(9) was void for vagueness because the phrase, "under circumstances manifesting extreme indifference to the value of human life," is undefined by statute. Stacy requested that the circuit court quash the felony information and prohibit the prosecution under the capital-murder statute. The State responded that these offenses require proof of different elements and that the "overlapping nature of criminal statutes . . . do not render them unconstitutionally vague since they clearly set out what acts are prohibited[.]" The circuit court denied both motions.

The case proceeded to trial in June 2021. At the conclusion of the evidence, with regard to the adult victim, the circuit court instructed the jury on premeditated-and-deliberated capital murder and the lesser-included offenses of first-degree murder and second-degree murder. With regard to the two minor victims, the circuit court gave jury instructions on the alternative charges of premeditated-and-deliberated capital murder and child-abuse capital murder, as well as the lesser-included offenses of first-degree and second-degree murder. Based on the evidence presented, the jury convicted Stacy of three counts of capital murder and sentenced him to a term of life imprisonment on each count, plus fifteen years' imprisonment for a firearm enhancement, to run consecutively. He timely filed his appeal.

## II. *Statutory Overlap*

For the sole point on appeal, Stacy argues that the circuit court erred by denying his motions to quash the capital-murder charges because of the statutory overlap of capital, first-degree, and second-degree murder. Specifically, Stacy contends that (1) he has the due-process right to be charged and to obtain instructions on a lesser charge that is fairly and discernably distinct from the greater charge; and (2) the State's alternative charging of capital, first-degree, and second-degree murder with a wide, disparate range of punishment "exposed an impermissible uncertainty in the offenses which called for their dismissal as charged."

The State responds that the capital, first-degree, and second-degree murder statutes do not unconstitutionally overlap and that this court "has consistently and repeatedly rejected similar arguments[.]" The State asserts the following:

> (1) "[T]his Court has already repeatedly and correctly rejected Stacy's suggestion that the overlap between the capital and first-degree murder statutes creates vagueness problems or is somehow unconstitutional."

> (2) Stacy's argument that "the overlap between the alternative child-abuse capital murder charge . . . and the first-degree and second-degree murder charges exposed him to an unconstitutional disparate range of punishment" is misleading and meritless.

> (3) This court has "rejected the argument that any overlap between elements somehow results in unconstitutional discretion on the part of the prosecutor or the jury in violation of the Equal Protection Clause."

This court has stated that it is impossible to avoid the use of general language in the definition of certain offenses. *Jones v. State*, 328 Ark. 307, 309, 942 S.W.2d 851, 852 (1997). We have also stated that a prosecutor is often compelled to choose among one or two or more offenses, no matter how precise the language of the statutes may be. *Id.*, 942 S.W.2d

at 852. We have consistently found no constitutional or other impediment to the discretion conferred by the overlap upon the State to choose between the laws in charging a particular homicide. *Carmichael v. State*, 340 Ark. 598, 604, 12 S.W.3d 225, 229 (2000).

### A. Motion to Quash Felony Information—Adult Victim

Stacy cited the following offenses in his motion to quash felony information relating to the adult victim. The premeditated–and–deliberated capital-murder statute provides that a person commits capital murder if, with premeditated and deliberated purpose of causing the death of another person, the person causes the death of any person. Ark. Code Ann. § 5-10-101(a)(4). A person commits murder in the first degree if, with the purpose of causing the death of another person, he or she causes the death of another person. *See* Ark. Code Ann. § 5-10-102(a)(2).

To the extent that Stacy argues on appeal that the capital-murder statute is unconstitutional because it makes criminal the same intent found in the first-degree murder statute, this court has long held that there is no constitutional infirmity in the overlapping of the premeditated–and–deliberated mens rea in the capital-murder statute and the purposeful mens rea in the first-degree murder statute. *Camargo v. State*, 327 Ark. 631, 636, 940 S.W.2d 464, 466 (1997). Moreover, when appellants have argued that the statutes defining the offenses of capital murder and first-degree murder are unconstitutionally vague, this court has rejected the argument time and again. *See Porter v. State*, 358 Ark. 403, 413, 191 S.W.3d 531, 538 (2004). In those cases, we found no constitutional infirmity in the overlapping of the two statutes because there is no impermissible uncertainty in the definitions of the offenses. *Id.*, 191 S.W.3d at 538. In so holding, the court explained that

it is impossible to avoid the use of general language in the definition of certain offenses. *Id.*, 191 S.W.3d at 538.

We decline to depart from this precedent and again conclude that there is no constitutional infirmity between section 5-10-101(a)(4), the premeditated-and-deliberated capital-murder statute, and an asserted overlap with section 5-10-102(a)(2), the purposeful first-degree murder statute. Thus, we hold that the circuit court properly denied Stacy's motion to quash felony information and dismiss the charges on this basis.

B. Motion to Quash Felony Information—Minor Victims

In his motion to quash the felony information concerning the two minor victims, Stacy cited the following offenses. The child-abuse capital-murder statute under section 5-10-101(a)(9)(A) provides that a person commits capital murder if "[u]nder circumstances manifesting extreme indifference to the value of human life, the person knowingly causes the death of a person fourteen (14) years of age or younger at the time the murder was committed if the defendant was eighteen (18) years of age or older at the time the murder was committed." Ark. Code Ann. § 5-10-101(a)(9)(A). A person commits murder in the first degree if the person knowingly causes the death of a person fourteen (14) years of age or younger at the time the murder was committed. Ark. Code Ann. § 5-10-102(a)(3). A person commits murder in the second degree if the person knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-10-103(a)(1).

Stacy's overlap argument is misplaced because the elements of each offense differ, and the State has the burden of proving each element beyond a reasonable doubt. *See Jester*

7

*v. State*, 367 Ark. 249, 261, 239 S.W.3d 484, 494 (2006) (citing *Killman v. State*, 274 Ark. 422, 625 S.W.2d 489 (1981)). Here, unlike section 5-10-101(a)(9)(A), the first-degree murder statute found at section 5-10-102(a)(3) does not require that the murder be committed "[u]nder circumstances manifesting extreme indifference to the value of human life[.]" Ark. Code Ann. § 5-10-101(a)(9)(A). It also does not require that the defendant be "eighteen (18) years of age or older at the time the murder was committed." Ark. Code Ann. § 5-10-101(a)(9)(A). Similarly, the second-degree murder statute found at section 5-10-103(a)(1) differs from section 5-10-101(a)(9)(A) because it does not contain any reference to the age of the defendant or the victim. Thus, because these offenses set forth different elements to be proved by the State, we conclude that any alleged overlap presents no constitutional infirmity.

Further, we have rejected the argument that overlap between the statutes results in violations of the Equal Protection or Due Process Clause. With respect to overlapping offenses, we have agreed with United States Supreme Court precedent, stating,

> [T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.

*Simpson v. State*, 310 Ark. 493, 498, 837 S.W.2d 475, 478 (1992) (quoting *United States v. Batchelder*, 442 U.S. 114, 125 (1979)).

Therefore, we hold that the circuit court properly denied Stacy's motion to quash felony information and dismiss the charges on the ground that section 5-10-101(a)(9)(A),

8

the child–abuse capital-murder statute, unconstitutionally overlaps with sections 5-10-102(a)(3), the first-degree murder statute, and 5-10-103(a)(1), the second-degree murder statute. Accordingly, we affirm.

### III. *Rule 4-3(a)*

The record has been reviewed for prejudicial error in accordance with Arkansas Supreme Court Rule 4–3(a), and none has been found.

Affirmed.

*David R. Raupp*, Ark. Public Defender Comm'n, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.