COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


BRIAN JOSEPH MURPHY
                                          OPINION BY
v.   Record No. 1459-98-4      JUDGE ROSEMARIE ANNUNZIATA
                                       NOVEMBER 23, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 Kathleen H. MacKay, Judge

         John Kenneth Zwerling (Zwerling & Kemler,
         P.C., on briefs), for appellant.

         Michael T. Judge, Assistant Attorney General
         (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Brian J. Murphy ("appellant") was tried by jury for

manufacturing marijuana for his own use, in violation of Code

§ 18.2-248.1(c).  Appellant was acquitted of the charge but

convicted of possession of marijuana.  The jury fixed his

punishment at thirty days in jail and a fine of $250.  He

contends on appeal that the trial court erred when it declined

to find applicable to the charge of possession of marijuana the

common law defense of necessity and erred in refusing a jury

instruction on the issue.  We find, as a matter of law, that

under the circumstances of this case, the common law defense of

necessity is not available to an individual accused of simple

possession of marijuana and affirm appellant's conviction.

Upon the execution of a search warrant at appellant's home in September 1997, a Fairfax County police officer found cultivated marijuana plants and seized them as evidence in support of charges subsequently lodged against appellant. Appellant admitted he possessed the marijuana, but contended it was for his personal use to alleviate debilitating migraine headaches he suffers as a result of an accident which occurred while he was serving in the Navy. Appellant was prescribed numerous medications in substitution for the marijuana but found none to be as effective or free of serious side effects. On the ground that he used the illegal drug for medicinal purposes for which there was no effective substitute, and which posed a lesser risk to his health than conventional legal medications, appellant requested the trial court to instruct the jury on necessity. The instruction was denied.[1]

---

[1] Appellant requested the following instructions:

> Instruction J. The defendant in this case has raised a necessity defense. The essential elements of this defense are: (1) a reasonable belief that the action was necessary to avoid threatened harm; (2) a lack of other adequate means to avoid the threatened harm; and (3) a direct causal relationship that may be reasonably anticipated between the action taken and the avoidance of the harm. If you find that the defendant was acting out of necessity, you shall find him not guilty.

> Instruction I. The defense of necessity addresses the dilemma created when physical

The first statute criminalizing the possession of marijuana in Virginia was enacted in 1936.  1936 Va. Acts at 361 (codified at § 1693a, Code of Virginia (1936)).[2]  Notwithstanding its enactment of criminal penalties for the possession of "cannabis

forces beyond the actor's control renders illegal conduct the lesser of the two evils. If one who is starving eats another's food to save his own life, the defense of necessity may bar a conviction for the larceny of the other's food.

The rationale of the necessity defense is not that a person, when faced with the pressure of circumstances of nature lacks the mental element which the crime in question requires.  Rather, it is based upon the public policy that the law ought to promote the achievement of higher values at the expense of lesser values, and sometimes the greater good for society will be accomplished by violating the literal language of the law.  In some sense, the necessity defense allows the jury to act as individual legislature, amending a particular criminal provision or drafting a one-time exception to it, subject to court review, when a real legislature would formally do the same under those circumstances.

[2] Section 1693a made a violation of the section punishable by not less than one year's incarceration nor more than ten, or, in the discretion of the court or jury, punishable by confinement in jail for not more than 12 months and a fine of not more than $1,000, either or both.

- 3 -

and mariahuana [sic]," the General Assembly permitted doctors to use the drug for medicinal purposes.[3]

Subsequently, the General Assembly significantly curtailed the medicinal use of marijuana. Code § 18.2-251.1 allows the possession of marijuana only "pursuant to a valid prescription issued by a medical doctor in the course of his professional practice" and only "for the treatment of cancer or glaucoma."

---

[3] The statute provided, in pertinent part:

> [A]ll varieties of cannibis and mariahuana [sic] (when not used in accordance with a physician's direction) are hereby declared dangerous, detrimental to the public health and a nuisance, and their cultivation or growth within the limits of the State of Virginia is hereby declared unlawful and prohibited.

> However, nothing in this Act shall be construed as applying to licensed growers, licensed manufacturers of drugs and medicinal supplies, licensed wholesalers of drugs, owners of licensed pharmacies, licensed hospitals or other licensed institutions for the care of the sick under the supervision of a licensed physician, or to registered wholesale or retail pharmacists, or to licensed physicians, dentists and veterinarians who are registered, licensed and authorized to practice their professions under the laws of the State of Virginia when cannibis (and similar plants) or the parts, preparation and compounds thereof are grown, possessed, purchased, sold, delivered, distributed, transported or prescribed for medicinal purposes.

Code of Virginia (1936) § 1693a.

By specifying the two permitted medicinal uses of the drug, the legislature excluded all other uses from the scope of the statute.  See Turner v. Wexler, 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992) ("mention of a specific item in a statute implies that omitted items were not intended to be included within the scope of the statute").

We must presume that legislative amendments are intended to effect a change in the law.  See Burke v. Commonwealth, 29 Va. App. 183, 188, 510 S.E.2d 743, 746 (1999) (citing Wisniewski v. Johnson, 223 Va. 141, 144, 286 S.E.2d 223, 224-25 (1982)).  "When a legislative enactment limits the manner in which something can be done, the enactment also evinces the intent that it should not be done another way."  Grigg v. Commonwealth, 224 Va. 356, 364, 297 S.E.2d 799, 803 (1982).  Although the legislature once permitted doctors generally to use marijuana "for medicinal purposes," Code § 18.2-251.1 now allows for possession of marijuana only "pursuant to a valid prescription issued by a medical doctor in the course of his professional practice" and only "for [the] treatment of cancer or glaucoma."  The basic tenets of statutory construction require us to "'ascertain and give effect to legislative [intent,]'" Commonwealth v. Wallace, 29 Va. App. 228, 233, 511 S.E.2d 423, 425 (1999) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)), and "'effect rather than

defeat a legislative purpose evident from the history of the legislation.'" Adkins v. Commonwealth, 27 Va. App. 166, 170, 497 S.E.2d 896, 897 (1998) (quoting Ambrogi v. Koontz, 224 Va. 381, 389, 297 S.E.2d 660, 664 (1982)).  In so doing, the "plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction . . . ." Branch, 14 Va. App. at 839, 419 S.E.2d at 424.

Code § 18.2-251.1 makes clear that the legislature has narrowly limited the permissible use of marijuana to the specific situations enumerated, viz., to when a doctor issues a prescription for the use of marijuana to treat either cancer or glaucoma.

As noted in Long v. Commonwealth, 23 Va. App. 537, 478 S.E.2d 324 (1996), "[t]he defense of necessity is available only in situations wherein the legislature has not itself, in its criminal statute, made a determination of values.  If it has done so, its decision governs." Id. at 543, 478 S.E.2d at 327 (citation omitted).  "[W]here it is apparent that the legislature has made a value judgment with respect to certain behavior, it follows that the legislature intended to abrogate, to that extent, the common law defense of necessity which, if not abrogated, would, within limits, allow individuals to make their own value judgments with respect to that behavior." Id. at 544, 478 S.E.2d at 327.

In short, the legislative history of the statute manifests that the General Assembly has significantly limited the availability of the defense of necessity for individuals who use marijuana for medicinal purposes.  In restricting the legitimate medicinal use of marijuana to cases involving cancer or glaucoma, the legislature evinced its intent to circumscribe the value judgment an individual can make with respect to its use for treating other conditions.  See id.  To that extent, the common law defense of necessity is abrogated, see id., and unavailing in appellant's case.  Accordingly, the trial court did not err in refusing appellant's proffered instruction on the defense.

Finding no error, we affirm the conviction.

Affirmed.