COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Coleman
Argued at Chesapeake, Virginia


FRANKLIN ROOSEVELT LAMB
                                                OPINION BY
v.    Record No. 0487-02-1          JUDGE SAM W. COLEMAN III
                                            MARCH 11, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  Charles D. Griffith, Jr., Judge

            Allan D. Zaleski (Weisberg & Zaleski, P.C.,
            on brief), for appellant.

            John H. McLees, Senior Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


    Franklin Roosevelt Lamb appeals an order revoking his

probation, sentencing him to serve the remaining portion of his

previously suspended sentence and imposing an additional

two-year term of post-release supervision pursuant to Code

§ 19.2-295.2.  Lamb does not contest the revocation of his

probation, but contends the trial court erred by imposing the

additional term of post-release supervision.  He asserts that

the applicable statutes authorize courts to impose an additional

term of supervision only when the court initially imposes

sentence, not when it revokes and "reimposes" a suspended

sentence.  We agree that the trial court erred by imposing an

additional term of post-release supervision after Lamb's release from incarceration.

In July 1999, Lamb was convicted of possessing cocaine and sentenced to two years in prison, which sentence the court suspended and placed Lamb on supervised probation. In April 2000, the trial court revoked Lamb's suspended sentence and imposed the two-year sentence, which the court again suspended except for six months. The trial court ordered that Lamb be placed on supervised probation following his release from incarceration. In August 2000, the trial court again revoked Lamb's suspended sentence and imposed the balance of the two-year sentence, which the court again suspended conditioned upon Lamb's completion of a diversion program. The court continued Lamb on supervised probation.

On February 8, 2002, the trial court revoked Lamb's suspended sentence and imposed the balance of the two-year sentence, which was approximately one year and six months. When the trial court revoked the suspended sentence, it also imposed, relying upon Code § 19.2-295.2, an additional two-year term of supervision upon Lamb's release from incarceration.

Code § 19.2-295.2(A) provides in pertinent part:

> At the time the court imposes sentence upon a conviction for any felony offense committed (i) on or after January 1, 1995, the court may, and (ii) on or after July 1, 2000, shall, in addition to any other punishment imposed if such other punishment includes an active term of incarceration in

> a state or local correctional facility,
> except in cases in which the court orders a
> suspended term of confinement of at least
> six months, impose a term of postrelease
> supervision of not less than six months nor
> more than three years, as the court may
> determine. Such additional term shall be
> suspended and the defendant placed under
> postrelease supervision upon release from
> the active term of incarceration. The
> period of supervision shall be established
> by the court; however, such period shall not
> be less than six months nor more than three
> years.

Lamb argues that the provisions of Code § 19.2-295.2 only authorize courts to impose a term of post-release supervision at the time of the initial conviction. Thus, he asserts, the trial court was without authority under Code § 19.2-295.2 to impose a period of post-release supervision when on February 8, 2002 it revoked his probation and suspended sentence. Lamb contends that revoking a suspended sentence is not "impos[ing] sentence upon a felony conviction," within the express proviso of Code § 19.2-295.2.

The Commonwealth argues that the provision, "at the time the court imposes sentence upon a felony conviction," is not a temporal restriction. Thus a court's authority to "impose a term of post release supervision" is not limited to when the court initially imposes sentence. Instead, the court may impose an additional period of supervision whenever the court "imposes" any part of the original sentence, whether that be when sentence is first pronounced or is later imposed after revoking a suspended sentence.

ANALYSIS

- 3 -

> The basic tenets of statutory construction require us to "'ascertain and give effect to legislative [intent,]'" and "'effect rather than defeat a legislative purpose evident from the history of the legislation.'" In so doing, the "plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction . . . ."

Murphy v. Commonwealth, 31 Va. App. 70, 74-75, 521 S.E.2d 301, 303 (1999) (citations omitted). "Probation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). "In the absence of legislative history to the contrary, penal statutes are to be strictly construed against the Commonwealth and in favor of the citizen's liberty. 'Such statutes cannot be extended by implication or construction, or be made to embrace cases which are not within their letter and spirit.'" O'Banion v. Commonwealth, 33 Va. App. 47, 57, 531 S.E.2d 599, 604 (2000) (en banc) (citations omitted). Moreover, a fundamental rule of statutory construction requires that courts view the entire body of legislation and the statutory scheme "to determine the true intention of each part." McDaniel v. Commonwealth, 199 Va. 287, 292, 99 S.E.2d 623, 627 (1957).

Code § 19.2-295.2 was enacted as part of the General Assembly's statutory scheme abolishing parole in Virginia. See Summary of S.B. 3001, Abolition of Parole, 1994, 2nd Spec. Sess. (Va. 1994) ("The bill authorizes the court to impose additional

- 4 -

terms of between six months and three years for felony offenses
. . . . These additional terms will be used for periods of
post-release supervision."). As part of this statutory scheme
the General Assembly also enacted Code § 18.2-10, which provides,
in pertinent part:

> For any felony offense committed (i) on or
> after January 1, 1995, the court may, and
> (ii) on or after July 1, 2000, shall, except
> in cases in which the court orders a
> suspended term of confinement of at least
> six months, impose an additional term of not
> less than six months nor more than three
> years, which shall be suspended conditioned
> upon successful completion of a period of
> post-release supervision pursuant to
> § 19.2-295.2 and compliance with such other
> terms as the sentencing court may require.
> However, such additional term may only be
> imposed when the sentence includes an active
> term of incarceration in a correctional
> facility.

These statutes are both penal in nature and remedial.

Prior to the abolition of parole, a felon who was paroled
from prison into the community would be under the supervision of
parole authorities for a specified period of time. See Code
§ 53.1-159. The obvious purpose of both the amendment to Code
§ 18.2-10 and Code § 19.2-295.2 is to provide for a period of at
least six months' supervision after parole was abolished for
felons upon their release from active incarceration. Except for
Code §§ 18.2-10 (1995 amendment) and 19.2-295.2, a felon who
would have served a term of incarceration after the abolition of
parole, perhaps a lengthy term, would have been released into the
community without any supervision.

The unambiguous terms of Code § 19.2-295.2 authorize courts "[a]t the time" it imposes "sentence upon conviction of a felony" to also impose "a term of post-release supervision."  A sentence is "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer."  Black's Law Dictionary 1368 (7th ed. 1999).  A conviction is "[t]he act or process of finding someone guilty of a crime."  Id. at 335.  Furthermore, Code § 19.2-298 provides that "sentence shall be pronounced . . . without unreasonable delay" after a guilty finding.  The imposition of a sentence "upon a conviction" of a felony occurs at a defined point in time.

The trial court convicted Lamb in July 1999 of possession of cocaine and imposed the punishment for the conviction at that time.  The proceedings in 2000 and 2002 were not additional criminal "convictions," but were revocation proceedings which reimposed Lamb's original sentence.  See Merritt v. Commonwealth, 32 Va. App. 506, 508-09, 528 S.E.2d 743, 744 (2000) (finding that a probation violation is not itself a criminal conviction, but a modification of the sentence).  Although the trial court imposed a previously suspended sentence at the 2000 and 2002 revocation proceedings, it did not do so "upon a conviction of a felony." The trial judge was modifying Lamb's sentence for a 1999 felony conviction and ordering Lamb to serve a period of incarceration imposed in July 1999.

In keeping with the legislative intent that a felon would not be released from incarceration into the community without having a minimum of six months' supervision, here the trial court

had provided for a period of at least six months' supervision when it first suspended the sentence and on at least two successive periods when it revoked probation but resuspended the sentence.  Appellant would not be released from incarceration without having had at least six months' supervision as envisioned by Code §§ 18.2-10 and 19.2-295.2.

Accordingly, we hold that the trial court erred by imposing an additional two-year term of post-release supervision pursuant to Code § 19.2-295.2(A) for the first time at the revocation hearings.  The record establishes that this term of post-release supervision was not imposed at the time of the conviction.

<u>Reversed.</u>

A Copy,
    Teste:
        Cynthia L. McCoy, Clerk
    By:

    Deputy Clerk

- 7 -