COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Felton
Argued at Chesapeake, Virginia


SHERMAN ROUNDTREE

v.        Record No. 0298-03-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
NOVEMBER 18, 2003


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

Kenneth J. Coughlan, Assistant Public Defender (Norfolk Public
Defender's Office, on brief), for appellant.

(Jerry W. Kilgore, Attorney General; Richard B. Smith, Senior
Assistant Attorney General, on brief), for appellee.   Appellee
submitting on brief.


Sherman Roundtree (appellant) appeals from the revocation of suspension of sentence following his violation of probation.  On appeal, he contends the trial court lacked authority, after imposing the entire sentence previously suspended, to order postrelease supervision or additional incarceration in the event of a violation of the conditions of that supervision.  He seeks a new sentencing hearing.

The Commonwealth concedes the sentence was error to the extent that it exceeded the sentence previously pronounced and suspended.  However, it contends the appropriate remedy is to uphold imposition of the sentence previously suspended and to nullify only that portion of the sentence that exceeded the sentence originally pronounced.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

We hold the appropriate remedy is the nullification of the invalid portion of the sentence. Thus, we affirm the trial court's revocation of suspension of the three-year sentence and remand to the trial court with instructions to vacate the portion of its prior order sentencing appellant to two years of postrelease supervision.

## I.

## PROCEDURAL HISTORY

On February 11, 1999, appellant pleaded guilty to three counts of forgery pursuant to a plea agreement. The court sentenced appellant to serve one year for each conviction but suspended those sentences on the conditions that he serve three months in jail for one of those convictions and that he be on probation "for 3 years from [his] release from confinement."

The court subsequently found appellant violated the terms of his probation. It revoked the previously suspended three-year sentence and placed appellant on an additional two years of postrelease supervision. Appellant moved the court to reconsider on the ground that the three years of incarceration and two years of postrelease supervision imposed exceeded the original sentence of three years.[1] The trial court did not rule on the motion for reconsideration.

Appellant noted this appeal.

## II.

## ANALYSIS

The Commonwealth concedes the trial court erred in revoking the remainder of appellant's original three-year suspended sentence and then attempting to add to that sentence two years of "postrelease supervision." We agree.

---

[1] Appellant did not raise the issue of credit for the three months he served in jail as a condition of the suspension of his three-year penitentiary sentence. Thus, on appeal, we do not consider whether he would have been entitled to such credit as against the three-year sentence imposed by the trial court in the revocation proceeding.

Pursuant to Code § 19.2-295.2,

> At the time the court imposes sentence upon a conviction for any felony offense committed (i) on or after January 1, 1995, the court may, and (ii) on or after July 1, 2000, shall, in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, except in cases in which the court orders a suspended term of confinement of at least six months, impose a term of *postrelease supervision* of not less than six months nor more than three years, as the court may determine. Such additional term shall be suspended and the defendant placed under postrelease supervision upon release from the active term of incarceration.

(Emphasis added.) A court has the authority to add a term of postrelease supervision only when it originally sentences the defendant, not at the time of a later revocation of suspension of sentence. Lamb v. Commonwealth, 40 Va. App. 52, 56-58, 577 S.E.2d 530, 532-33 (2003).

Here, the trial court did not impose a term of postrelease supervision when it originally sentenced appellant, and it lacked the authority to do so in the subsequent revocation proceeding. Although the Commonwealth concedes this was error, it disagrees with appellant's request for a new sentencing hearing and contends the appropriate remedy is invalidation of the portion of the sentence that the trial court lacked authority to enter. We agree.

Settled principles provide that, "[w]here the sentence imposed is in excess of that prescribed by law, only the part that is excessive is invalid." Brown v. Commonwealth, 26 Va. App. 758, 763, 497 S.E.3d 147, 150 (1998) (where court imposed fine in amount greater than allowed by statute, court reduced fine to statutory limit). Where a statute permits a court to impose either of two punishments, a period of incarceration or a fine, and it erroneously imposes both the maximum sentence and maximum fine, "[c]ommon sense and reason dictate that the [sentencer], if it had been required to choose between the two punishments it fixed, would have imposed the greater, the penitentiary sentence . . . ." Deagle v. Commonwealth, 214 Va. 304, 306, 199 S.E.2d 509, 511 (1973).

Appellant argues the record does not make clear what the trial court would have done if it had known it lacked the authority to impose a period of postrelease supervision. However, we need not speculate about what the court would have done because we may invalidate only the portion of the sentence the trial court lacked the authority to impose. Here, the trial court had the authority to revoke suspension of the original three years to which it sentenced appellant, and we must affirm that portion of its order. However, it did not have authority to impose a period of postrelease supervision. Thus, we may invalidate only that portion of the sentence.

### III.

In sum, we hold the appropriate remedy for the error conceded by the Commonwealth is the nullification of the invalid portion of appellant's sentence. Thus, we affirm the trial court's revocation of suspension of the three-year sentence and remand to the trial court with instructions to vacate the portion of its prior order sentencing appellant to two years of postrelease supervision.

<u>Affirmed, in part, and remanded.</u>
