COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Chafin and Decker
Argued at Salem, Virginia

AMANDA MARIE THOMAS

MEMORANDUM OPINION* BY
v.        Record No. 0437-16-3                     JUDGE TERESA M. CHAFIN
                                                   APRIL 25, 2017
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CARROLL COUNTY
Brett L. Geisler, Judge

Jonathon M. Venzie for appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

At the conclusion of a jury trial, Amanda Marie Thomas was convicted of felony child

abuse and neglect in violation of Code § 18.2-371.1(A). On appeal, she maintains that the trial

court erred by imposing a sentence that exceeded the sentence recommendation of the jury. Finding

no error, we affirm Thomas's sentence.

Background

On appellate review, we consider the evidence presented at trial in the light most

favorable to the Commonwealth, the prevailing party below, and "accord [it] the benefit of all

inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601

S.E.2d 555, 558 (2004). As Thomas's sole assignment of error concerns the sentencing phase of

her trial, we include only an abbreviated version of the underlying facts supporting the

conviction.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On January 23, 2013, Thomas took her then six-week-old daughter L.J. to the emergency room. L.J. was then transported to a trauma center where a serious head injury and bite marks to her inner thigh were identified. Following questioning by law enforcement, Thomas admitted that she let L.J.'s head fall back and gave her "love bites" to the thigh. She later admitted that she shook L.J. too hard. The trial court described L.J.'s injuries as "extreme, life threatening injuries from which [she] will never recover."

A jury convicted Thomas of child abuse and neglect and recommended a sentence of seven years of incarceration. The jury also recommended a $10,000 fine. Despite the recommendations from the jury, the trial court sentenced Thomas to ten years of incarceration. The trial court suspended three years of Thomas's sentence, and conditioned the suspension on post-release supervision pursuant to Code § 19.2-295.2.

Thomas objected to the sentence imposed by the trial court. While Thomas acknowledged that Code § 19.2-295.2 allowed the trial court to order post-release supervision, she argued that the statute did not authorize the trial court to impose an additional suspended sentence. The trial court overruled Thomas's objection and imposed the sentence at issue.

<u>Analysis</u>

On appeal, Thomas contends that the trial court violated Code § 19.2-295.2 by imposing an additional suspended three-year sentence conditioned on post-release supervision. Thomas argues that Code § 19.2-295.2 only allowed the trial court to impose additional post-release supervision without any corresponding suspended sentence. We disagree with this interpretation of the statute.

The issue presented in this case involves a question of law, which we review *de novo*. <u>Alston v. Commonwealth</u>, 49 Va. App. 115, 119, 637 S.E.2d 344, 345 (2006).

"In Virginia, the legislature has given juries the power to sentence [a] defendant according to the evidence in the trial and within the limits set by the General Assembly for the crimes committed." Boyd v. Commonwealth, 28 Va. App. 537, 540, 507 S.E.2d 107, 109 (1998) (internal quotation marks and citations omitted). "This phenomenon [of jury sentencing] did not arise by accident; the General Assembly made a conscious decision to depart from the common law, under which the court sentenced the defendant." Id. (alteration in original) (quoting Walker v. Commonwealth, 25 Va. App. 50, 61, 486 S.E.2d 126, 131-32 (1997)).

Code § 19.2-295(A) provides that after a finding of guilt, "the term of confinement in the state correctional facility or in jail and the amount of fine, if any, of a person convicted of a criminal offense, shall be ascertained by the jury." However, the sentence recommended by the jury

> is not final or absolute, since [the jury's] finding on the proper
> punishment is subject to suspension by the trial judge, in whole or in
> part, on the basis of any mitigating facts that the convicted defendant
> can marshal. The verdict of the jury is the fixing of maximum
> punishment which may be served.

Duncan v. Commonwealth, 2 Va. App. 342, 345, 343 S.E.2d 392, 394 (1986) (quoting Vines v. Muncy, 553 F.2d 342, 349 (4th Cir. 1977)). Thus, "the trial judge may reduce a sentence but may not exceed the 'maximum punishment' fixed by the jury." Batts v. Commonwealth, 30 Va. App. 1, 16, 515 S.E.2d 307, 315 (1999).

However, a trial court may impose an additional term under certain circumstances. Code § 19.2-295.2(A) states that:

> [a]t the time the court imposes sentence upon a conviction for any
> felony offense committed . . . [the court] shall, *in addition to any
> other punishment imposed* if such other punishment includes an
> active term of incarceration in a state or local correctional facility,
> except in cases in which the court orders a suspended term of
> confinement of at least six months, *impose a term of postrelease
> supervision of not less than six months nor more than three years, as
> the court may determine. Such additional term shall be suspended
> and the defendant placed under postrelease supervision upon release
> from the active term of incarceration.* The period of supervision

shall be established by the court; however, such period shall not be less than six months *nor more than three years*.

(Emphasis added).

"Code § 19.2-295.2 was enacted as part of the General Assembly's statutory scheme abolishing parole in Virginia." Lamb v. Commonwealth, 40 Va. App. 52, 56, 577 S.E.2d 530, 532 (2003). "Prior to the abolition of parole, a felon who was paroled from prison into the community would be under the supervision of parole authorities for a specified period of time." Id. at 57, 577 S.E.2d at 532. "The obvious purpose of . . . Code § 19.2-295.2 [was] to provide for a period of at least six months' supervision after parole was abolished for felons upon their release from active incarceration." Id.; see Summary of S.B. 3001, Abolition of Parole, 2d Spec. Sess. (Va. 1994) ("The bill authorizes the court to impose additional terms of between six months and three years for felony offenses . . . . These additional terms will be used for periods of post-release supervision."). Without Code § 19.2-295.2 and similar provisions, "a felon who would have served a term of incarceration . . . , perhaps a lengthy term, would have been released into the community without supervision." Lamb, 40 Va. App. at 57, 577 S.E.2d at 532.

Due to the enactment of Code § 19.2-295.2, "the jury's ascertainment of punishment is no longer necessarily the maximum punishment which may be imposed." Allard v. Commonwealth, 24 Va. App. 57, 68, 480 S.E.2d 139, 144 (1997). Code § 19.2-295.2 "permit[s] the trial court to impose a suspended term of incarceration and post-release supervision when the jury's sentence includes an active term of incarceration . . . ." Boyd, 28 Va. App. at 542, 507 S.E.2d at 110.

The additional suspended term of incarceration authorized by Code § 19.2-295.2 is necessary for effective post-release supervision. "A court's ability to revoke the suspension of a sentence and to impose that sentence permits it to enforce a probationary requirement as a condition of suspension." Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738,

739 (1999). "To be effective, probation must be concurrent with a coordinate term of suspension of sentence." Id.; see also Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002) ("Probation [is] meaningless if no sentence remain[s] for the court to impose if the defendant violate[s] the terms imposed.").

In this case, the trial court imposed a three-year sentence conditioned on post-release supervision in addition to the seven-year sentence fixed by the jury. Code § 19.2-295.2 "clearly provides the court independent authority to control the imposition of sentence, giving it discretion to suspend or increase a jury's recommendation." Allard, 24 Va. App. at 69, 480 S.E.2d at 145. As Code § 19.2-295.2 allowed the trial court to impose an additional three-year period of suspended incarceration conditioned on post-release supervision, the trial court did not abuse its discretion in determining Thomas's sentence. Accordingly, we affirm the trial court's decision.

Affirmed.