PRESENT: Lemons, C.J., Goodwyn, Mims, Powell, Kelsey, and McCullough, JJ., and Millette, S.J.

AMANDA MARIE THOMAS

OPINION BY
v. Record No. 170707               JUSTICE STEPHEN R. McCULLOUGH
                                              October 18, 2018

COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

A jury convicted Amanda Marie Thomas of felony child abuse and neglect and sentenced her to serve seven years in prison. The trial court imposed a sentence of ten years, and suspended three of those years upon certain conditions. Thomas contends that the ten-year sentence imposed by the court does not conform to statutory requirements, specifically Code §§ 19.2-295 and 19.2-295.2, and that the sentence imposed by the trial court improperly extended the maximum sentence fixed by the jury. We conclude that the trial court's sentencing order, as drafted, does not comply with Virginia law. Therefore, we reverse and remand for entry of a new sentencing order.

BACKGROUND

Following her conviction for felony child abuse and neglect, a jury fixed a maximum sentence of seven years in prison, along with a fine. At a sentencing hearing several months later, the trial court sentenced Thomas to serve ten years in prison, with three years suspended. The Court's order provides as follows:

> The Court **SENTENCES** the defendant to:
>
> Incarceration with the **Virginia Department of Corrections** for the term of: **Ten (10) years.** The total sentence imposed is **Ten (10) years.**
>
> After **Seven (7) years** are served, the Court **SUSPENDS** the balance of **Three (3) years,** upon the following condition(s):

> **Supervised Probation.** The defendant is placed on probation to commence upon her release from incarceration, under the supervision of a Probation Officer for **Three (3) years,** or unless sooner released by the court or by the Probation Officer. The defendant shall comply with all the rules and requirements set by the Probation Officer. Probation shall include substance abuse counseling and/or testing as prescribed by the Probation Officer. . . . .[1]

Thomas objected, arguing that the order was not consistent with Virginia's statutory scheme and impermissibly exceeded the sentence fixed by the jury. On appeal, a panel of the Court of Appeals affirmed by unpublished opinion, *Thomas v. Commonwealth*, Record No. 0437-16-3 (April 25, 2017) and this appeal followed.

## ANALYSIS

Determinations of punishment "are peculiarly questions of legislative policy." *Gore v. United States*, 357 U.S. 386, 393 (1958); *DePriest v. Commonwealth*, 33 Va. App. 754, 764 (2000) ("It lies within the province of the legislature to define and classify crimes and to determine the punishments for those crimes."). A number of interrelated statutes govern punishment in criminal cases. Code § 19.2-295(A) sets forth some general parameters that govern a trial court's sentencing authority. It provides that

> the term of confinement in the state correctional facility or in jail and the amount of fine, if any, of a person convicted of a criminal offense, shall be ascertained by the jury, or by the court in cases tried without a jury.

Code § 19.2-303, in relevant part, provides authority for the court to suspend the sentence fixed by the jury and for the court to impose probation:

> After conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine . . . .

---

[1] The other conditions were to pay court costs and provide a DNA sample.

The combined effect of these statutes is that "the punishment as fixed by the jury is not final or absolute, since its finding on the proper punishment is subject to suspension by the trial judge, in whole or in part, on the basis of any mitigating facts that the convicted defendant can marshal." *Duncan v. Commonwealth*, 2 Va. App. 342, 345 (1986) (internal citation omitted). Subject to any additional statutory provisions, "[t]he verdict of the jury is the fixing of maximum punishment which may be served." *Id.*

Prior to the abolition of parole, a felon who was paroled from prison into the community fell under the supervision of parole authorities for a specified period. *See* Code § 53.1-159. Upon the abolition of parole, the General Assembly enacted the complementary provisions of Code § 19.2-295.2 and Code § 18.2-10 to provide for a period of post incarceration supervision.

Code § 19.2-295.2 provides that:

> A. At the time the court imposes sentence upon a conviction for any felony offense committed . . . [the court] shall, in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, except in cases in which the court orders a suspended term of confinement of at least six months, impose a term of post[-]release supervision of not less than six months nor more than three years, as the court may determine. Such additional term shall be suspended and the defendant placed under post[-]release supervision upon release from the active term of incarceration. The period of supervision shall be established by the court; however, such period shall not be less than six months nor more than three years.
>
> B. The period of post[-]release supervision shall be under the supervision and review of the Virginia Parole Board. The Board shall review each felon prior to release and establish conditions of post[-]release supervision. Failure to successfully abide by such terms and conditions shall be grounds to terminate the period of post[-]release supervision and recommit the defendant to the Department of Corrections or to the local correctional facility from which he was previously released. Procedures for any such termination and recommitment shall be conducted in the same manner as procedures for the revocation of parole.

3

Code § 18.2-10 provides in relevant part:

> For any felony offense committed . . . [the court] shall, except in cases in which the court orders a suspended term of confinement of at least six months, impose an additional term of not less than six months nor more than three years, which shall be suspended conditioned upon successful completion of a period of post-release supervision pursuant to § 19.2-295.2 and compliance with such other terms as the sentencing court may require. However, such additional term may only be imposed when the sentence includes an active term of incarceration in a correctional facility.

"The obvious purpose of both the amendment to Code § 18.2-10 and Code § 19.2-295.2 is to provide for a period of at least six months' supervision after parole was abolished for felons upon their release from active incarceration." *Lamb v. Commonwealth*, 40 Va. App. 52, 57 (2003). Without the addition of Code §§ 18.2-10 and 19.2-295.2, "a felon who would have served a term of incarceration after the abolition of parole [could be] released into the community without any supervision." *Id.*

Under Code § 19.2-295.2, when a defendant is sentenced to a "term of confinement" in a state or local correctional facility, and the court does not suspend at least six months of the term of confinement, the court must "impose a term of post[-]release supervision of not less than six months nor more than three years." This additional term "shall be suspended and the defendant placed under post[-]release supervision upon release from the active term of incarceration." *Id.* "The period of post[-]release supervision shall be under the supervision and review of the Virginia Parole Board." *Id.* To ensure the efficacy of the post-release supervision, Code § 18.2-10 requires the court in that circumstance to also impose an additional term of confinement of between six months and three years, which is to be suspended and "conditioned upon successful completion of a period of post-release supervision pursuant to § 19.2-295.2 and compliance with such other terms as the sentencing court may require."

The court had the authority under Code § 19.2-295.2 – indeed, the obligation, once it determined that the full seven years fixed by the jury had to be served – to impose a separate additional term of up to three years of post-release supervision, under the supervision and review of the Parole Board. The court was further required, under the authority of Code § 18.2-10, to impose a linked suspended term of incarceration.

The order as written, however, did not specify that the additional time was imposed pursuant to Code §§ 18.2-10 and 19.2-295.2. Furthermore, the period of post-release supervision imposed by the trial court was not "under the supervision and review of the Virginia Parole Board." Code § 19.2-295.2(B). Conceptually, the purpose of the post-release period of supervision, and the suspended term of incarceration that accompanies it, is distinct from the punishment imposed for the commission of a crime. The purpose of post-release supervision is not punishment. Rather, this period is designed to foster good behavior and rehabilitation upon release from confinement. *Lamb*, 40 Va. App. at 57 (noting that Code § 18.2-10 and Code § 19.2-295.2 are remedial in nature). *See also United States v. Kebodeaux*, 570 U.S. 387, 397 (2013) (noting that the "principal purposes of postrelease conditions are to rehabilitate the convict, thus preventing him from recidivating, and to protect the public"); *Griffin v. Wisconsin*, 483 U.S. 868, 875 (1987) ("[R]estrictions [imposed by a court] are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large."). The court impermissibly lengthened the sentence fixed by the

jury from seven years to ten years, which the Code does not authorize.[2] Sentencing orders must

conform to statutory requirements.[3]

CONCLUSION

We reverse and remand for entry of a sentencing order consistent with this opinion.

*Reversed and remanded.*

---

[2] There are some circumstances under which an order like this one could produce an entirely different outcome than an order that imposes a period of post-release supervision along with a suspended period of incarceration linked to the period of post-release supervision. Suppose that a defendant is sentenced under an order like this one and is then released on bail during the pendency of an appeal. If that defendant misbehaves while out on bail, the court could revoke the entirety of the suspended period of three years, thus imposing ten years of active incarceration instead of seven years of active incarceration followed by a period of post-release supervision. *See Collins v. Commonwealth*, 269 Va. 141, 146-47 (2005) (because good behavior is an implied term of every suspended sentence, the trial court could revoke a portion of the defendant's suspended sentence when the defendant misbehaved while free on bail during the pendency of his appeal).

[3] The length of the term of post-release supervision and of the suspended term of incarceration fall within the discretion of the trial court. On the guidelines worksheet in this case, the court indicated that it was imposing a three-year post-release term under Code § 18.2-10 and a post-release supervision period of three years pursuant to Code § 19.2-295.2. Form 10, found in the Appendix of Forms to part 3A of the Rules of this Court, provides a sample sentencing order consistent with this opinion. One possible format for an order, consistent with the guidelines worksheet the trial court prepared in this case, would be along the following lines:

> The Court **SENTENCES** the defendant to:
>
> Incarceration with the **Virginia Department of Corrections** for the term of: **Seven (7) years.** The total sentence imposed is **Seven (7) years.**

In addition to the above sentence of incarceration, pursuant to Code § 18.2-10 and § 19.2-295.2, the court imposes an additional term of **three (3) years** of incarceration. This additional three-year term is suspended, conditioned upon successful completion of a three-year period of post-release supervision under the supervision of the Virginia Parole Board. The period of post-release supervision is to commence upon release from incarceration. The defendant shall comply with all the rules and requirements set by the Virginia Parole Board.