COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, O'Brien and Senior Judge Annunziata
Argued at Alexandria, Virginia

**UNPUBLISHED**

MICHAEL SCOTT COCKRELL

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0412-18-4                      JUDGE ROSEMARIE ANNUNZIATA
                                                    APRIL 9, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Jeffrey W. Parker, Judge

Joseph R. Pricone (Mark B. Williams & Associates, PLC, on brief),
for appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


A jury found appellant, who was then a juvenile, guilty of assault or battery by mob in

violation of Code § 18.2-42, a Class 1 misdemeanor.  The trial court sentenced appellant to

eleven months of incarceration, giving him credit for the approximately five months he had spent

in pre-trial detention and suspending the remaining six months.  Appellant argues on appeal that

the trial court erred in sentencing him to serve more than thirty days of confinement because the

assessment required by Code § 16.1-284.1(A) was not completed.  We agree and remand the

case for resentencing.

## BACKGROUND

Appellant and two other persons assaulted another teenager as he walked to his house

from the bus stop.  The trial court initially sentenced appellant to twelve months' incarceration,

with all but five months suspended, intending to give him credit for the time he had spent in

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

pre-trial detention. Appellant then moved to modify the sentencing order to conform with the requirements of Code § 16.1-284.1(A), asserting that the maximum period of incarceration that could be imposed was thirty days because the assessment for placement required under the statute had not been completed.

After a hearing on the motion, the trial court vacated the prior order and sentenced appellant to eleven months' incarceration, again giving him credit for five months in pre-trial detention and suspending the remaining six months.[1] The court's order specifically stated that "[t]he unserved, suspended portion of the sentence does not exceed six (6) months, which is the maximum time that may be imposed" pursuant to Code § 16.1-284.1(A). The order provided that the assessment required by Code § 16.1-284.1(A) "shall be completed" at a future date if the trial court found that appellant had violated the terms and conditions of his probation and placement in a "secured facility for juveniles" was appropriate.[2]

ANALYSIS

The sentence imposed by the trial court is reviewed on appeal for an abuse of discretion and is upheld if it "does not exceed the maximum sentence allowed by statute." Rawls v. Commonwealth, 272 Va. 334, 351 (2006). A sentence that falls within with the specified statutory range for the offense may not be overturned as an abuse of discretion. See Du v. Commonwealth, 292 Va. 555, 564-65 (2016); Thomason v. Commonwealth, 69 Va. App. 89, 99 (2018). However, to the extent that the issue raised in this appeal concerns statutory construction, the standard of review is *de novo*. See, e.g., Hodgins v. Commonwealth, 61

---

[1] The trial court stated that it "had not intended to incarcerate [appellant] for any additional period of time in light of the fact that [he] had served . . . approximately five months in juvenile detention" because the court felt that amount of time "was sufficient" for the conviction.

[2] The court also imposed a supervised probation period of twelve months.

- 2 -

Va. App. 102, 107 (2012). The appellate court looks first to the language of the statute, as the court is "bound by the plain meaning" of unambiguous statutory language. Alston v. Commonwealth, 274 Va. 759, 769 (2007) (quoting Lee Cty. v. Town of St. Charles, 264 Va. 344, 348 (2002)). But "[a] statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839 (1992); accord Jacobs v. Commonwealth, 61 Va. App. 529, 538 (2013).

Code § 16.1-284.1(A) provides in pertinent part that a juvenile fourteen years of age or older who has been found to have committed an offense that would be punishable by incarceration in a state or local correctional facility if committed by an adult "may" be "confined in a detention home or other secure facility for juveniles for a period not to exceed six months from the date the order is entered, for a single offense or multiple offenses." The statute further provides that "[t]he period of confinement ordered may exceed thirty calendar days if the juvenile has had an assessment completed by the secure facility to which [a juvenile] is ordered concerning the appropriateness of the placement." Code § 16.1-284.1(A). Additionally, if the period of confinement exceeds thirty calendar days, the trial court is required to "conduct a mandatory review hearing at least once during each 30 days . . . ." Code § 16.1-284.1(C). If the court determines that "the purpose of the order of confinement has been achieved, the juvenile shall be released on probation . . . ." Id.

No assessment of appellant was done. Thus, under the plain language of the statute, the trial court erred in sentencing appellant to more than thirty days of confinement. We do not further address the effect, if any, of the trial court's intention to give appellant credit for time served in pre-trial detention or the time the court suspended.[3] See Commonwealth v. White, 293

---

[3] We note, however, that under Code § 53.1-187, a juvenile may only receive credit for time served in a juvenile detention facility awaiting trial if, "upon conviction, he is sentenced to an adult correctional facility." Further, a sentence that exceeds the statutory maximum cannot be

Va. 411, 419 (2017) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting <u>Commonwealth v. Swann</u>, 290 Va. 194, 196 (2015))).

Thus, we reverse the trial court's ruling and remand the case for resentencing.

<u>Reversed and remanded.</u>

---

cured by suspending the excess segment.  <u>See</u> <u>Thomas v. Commonwealth</u>, 296 Va. 301 (2018); <u>Graves v. Commonwealth</u>, 294 Va. 196, 208 (2017); <u>Hines v. Commonwealth</u>, 59 Va. App. 567, 580 (2012).