## Richmond

### JOHN PAUL SMITH v. COMMONWEALTH OF VIRGINIA.

October 8, 1976.

Record No. 751485.

Present, All the Justices.

*D. Wayne Moore (Moore, Weaver, Moore & Bradberry,* on brief), for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Under an indictment returned July 7, 1975, charging statutory burglary committed January 18, 1975, a jury found John Paul Smith guilty as charged and fixed his punishment at 15 years in the penitentiary. Defendant made a motion for a pre-sentencing probation report. Ruling that a report is not required "when there is a jury trial", the trial court denied the motion. By order entered August 20, 1975, the trial court confirmed the verdict, imposed sentence in accordance therewith, and remanded defendant to jail "to await transfer to the penitentiary."

Under the limited writ of error, the sole question on appeal is whether denial of the motion constituted reversible error.

Formerly, the first sentence of Code § 53-278.1 (Repl. Vol. 1974) provided:

"When a person is tried upon a felony charge *for which a sentence of death or confinement for a period of ten years or*

*over may be imposed and pleads guilty, or upon a plea of not guilty is tried by the court without a jury as provided by law,* and is adjudged guilty of such charge, the court may, or on the motion of the defendant shall, before *fixing punishment or* imposing sentence direct a probation officer of such court to thoroughly investigate and report upon the history of the accused and any and all other relevant facts, to the end that the court may be fully advised as to the appropriate and just sentence to be imposed." [Italics supplied.]

The General Assembly adopted an amendment, effective June 1, 1975, deleting the italicized language. Acts 1975, ch. 371.[1] The effect of the amendment was such that, when an accused is found guilty of *any* felony by *either* the court or a jury, the court may, and upon defendant's motion shall, direct an investigation by a probation officer and consider his report before imposing sentence. Upon defendant's motion, he is entitled to this pre-sentence procedure as a matter of right.

The Commonwealth concedes that the statute as amended applies to felonies tried after the effective date of the amendment and that denial of defendant's motion was error. *McClain* v. *Commonwealth,* 189 Va. 847, 55 S.E.2d 49 (1949). But the Commonwealth contends that the error was cured by subsequent action taken by the trial court.

Defendant filed a notice of appeal on September 18, 1975, assigning error to the denial of his motion. On December 26, 1975, more than four months after the final judgment order was entered, the trial court, acting upon the Commonwealth's *ex parte* request, entered a new order. Finding that defendant was still incarcerated in the county jail and that "[i]t is now proper to inquire whether there are circumstances in mitigation of the offense as provided by 53-272 [2] of the 1950 Code of Virginia", the trial court directed an investigation and report by a probation

---

[1] As amended, Code § 53-278.1 was reenacted effective October 1, 1975. Code § 19.2-299 (Repl. Vol. 1975).

[2] At that time, the second paragraph of Code § 53-272 (Repl. Vol. 1974) provided:

"In case the prisoner has been sentenced but not actually committed and delivered to the penitentiary for a felony the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may place the defendant on probation under the supervision of the probation officer during good behavior, for such time and under such conditions of probation as the court shall determine."

This paragraph was amended effective July 1, 1976. Acts 1976, ch. 145.

officer. The report was prepared, defendant was advised of its contents, and a hearing was conducted on February 3, 1976. Defendant objected to consideration of the report on the ground that "[t]hese proceedings do not come on properly before the Court today". At the conclusion of the hearing, at which defendant was afforded the opportunity to cross-examine the probation officer and "to present any additional facts bearing upon the matter", the trial court ruled that "there appears to be no reason to disturb the verdict of the jury", ordered the report and transcript of the hearing made part of the record, and remanded defendant to jail.

The Commonwealth argues that the proceedings conducted in reliance upon the second paragraph of Code § 53-272 cured the original error. We disagree.

The first paragraph of Code § 53-272 empowered a trial court, after adjudication of a defendant's guilt, to suspend execution of sentence (in whole or in part) or to suspend imposition of sentence, and also to place the defendant on probation. These options were available to the court below on August 20, 1975 when final judgment was entered and, under Rule 1:1, for 21 days thereafter.

Under the second paragraph of Code § 53-272, however, a trial court was empowered only to place a defendant on probation. The proceedings conducted below under that paragraph did not, therefore, vindicate the right accorded the defendant by Code § 53-278.1. Accordingly, we hold that denial of the defendant's motion for a pre-sentencing investigation and report was reversible error.

Insofar as the August 20, 1975, judgment order confirmed the verdict of guilty, it is affirmed. Insofar as it imposed sentence, it is reversed and all proceedings subsequent thereto are vacated. The case is remanded for re-sentencing. Before imposing sentence, the trial court will enter a new order directing a probation officer to investigate and report upon defendant's history ante-dating defendant's motion.

*Affirmed in part, reversed in part and remanded.*