COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


DWAYNE RONALD HARLEY

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1717-95-2          JUDGE JAMES W. BENTON, JR.
                                         JULY 23, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     James B. Wilkinson, Judge

            Cullen D. Seltzer, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            briefs), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.



     Dwayne Ronald Harley was convicted of robbery.  On this

appeal, he contends that the trial judge deprived him of his

right to a fair sentencing hearing.  We agree and remand for

resentencing.

     Harley was indicted for robbery and malicious wounding, and

he was tried for those offenses at a bench trial.  At the

conclusion of the evidence, the trial judge found Harley guilty

of robbery and took under advisement the verdict on the malicious

wounding charge.  Harley's counsel requested a presentence

report.

     At the sentencing hearing, as Harley's counsel recited two

items in the presentence report that were incorrect, the trial

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

judge indicated that he did not have a copy of the presentence report. After the probation officer provided the judge with a copy of the report, Harley's counsel asked the trial judge if he would like the opportunity to read the report. The judge declined.

Harley's counsel made statements on Harley's behalf and suggested a sentence within the guidelines. After Harley made a statement, the trial judge found him not guilty of malicious wounding and sentenced him on the robbery charge to twenty-five years in prison, with thirteen years suspended. Harley's counsel filed a motion for a sentence rehearing because the trial judge did not read the presentence report prior to sentencing Harley. The trial judge denied the motion.

> Code § 19.2-299 reads in pertinent part as follows:
> When a person is tried in a circuit court upon a felony charge . . . and is adjudged guilty of such charge, the court . . . on the motion of the defendant shall, before imposing sentence direct a probation officer of such court to thoroughly investigate and report upon the history of the accused, including a report of the accused's criminal record as an adult and available juvenile court records, and all other relevant facts, to fully advise the court so the court may determine the appropriate sentence to be imposed. The probation officer, after having furnished a copy of this report at least five days prior to sentencing to counsel for the accused and the attorney for the Commonwealth for their permanent use, shall submit his report in advance of the sentencing hearing to the judge in chambers, who shall keep such report confidential.

By the explicit terms of the statute, "[a] defendant convicted of

a felony has an absolute right to have a presentence investigation and report prepared upon his request and submitted to the court prior to the pronouncement of sentence." Duncan v. Commonwealth, 2 Va. App. 342, 345-46, 343 S.E.2d 392, 394 (1986). See also Smith v. Commonwealth, 217 Va. 329, 330, 228 S.E.2d 557, 558 (1976).

The Commonwealth argues that the statute "does not require the trial judge to read the pre-sentence report as long as he considers the information contained in the report." We disagree. "The General Assembly, in carrying out its appropriate legislative function, has established a system for the ascertainment of punishment for those who have been convicted of crime." Duncan, 2 Va. App. at 344, 343 S.E.2d at 393. A defendant's "entitle[ment] to this pre-sentence procedure as a matter of right," Smith, 217 Va. at 330, 228 S.E.2d at 558, would be a hollow right, indeed, if the trial judge had no obligation to read the presentence report. The sentencing procedure is not merely an abstraction that is satisfied by a trial ritual. We hold that concomitant with the defendant's right to the presentence report is the right to have the sentencing judge read the report before passing sentence.

Accordingly, that portion of the final order imposing sentence is reversed and the case is remanded for resentencing consistent with the direction of this opinion.

Affirmed in part, reversed in part and remanded.

- 3 -