COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff, Lorish and Callins
Argued at Richmond, Virginia


TRAVIS JAMES GANT

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0480-21-2                      JUDGE LISA M. LORISH
                                                    APRIL 19, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
Joseph M. Teefey, Jr., Judge

Ruth E. Nathanson (GreeneHurlocker, PLC, on briefs), for appellant.

Justin B. Hill, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief), for appellee.


Travis James Gant argues that the Amelia County Circuit Court erred by denying his request

for a presentence report before sentencing him upon his guilty plea. We conclude that the court

needed to order a presentence report under Code § 19.2-299(A)(ii) unless Gant waived the

preparation of a report, or unless he had a plea agreement. Because neither exception applied, we

reverse and remand for a new sentencing.

I. BACKGROUND[2]

Gant pled guilty to felony eluding of police on October 27, 2020, during a hearing before

Judge Paul W. Cella. At the beginning of that hearing, the prosecutor announced that "we have

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

[2] This Court "consider[s] the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party [below]." *Williams v. Commonwealth*, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting *Jackson v. Commonwealth*, 267 Va. 666, 672 (2004)).

reached an agreement in this case"—that Gant would "ple[a]d guilty to the felony eluding, and I will be nol prossing the two misdemeanor charges" and "[w]e've also reached an agreement on disposition of the felony matter." There was nothing written to document this oral agreement. Before accepting Gant's guilty plea, Judge Cella engaged Gant in a guilty plea colloquy, confirming that his plea was knowing, voluntary, and intelligent. During that colloquy, Judge Cella asked what the "sentencing recommendation" was, and the attorney for the Commonwealth responded that "the recommendation if he pleads guilty will be probation for one year, no active jail time."

Judge Cella responded by asking if sentencing guidelines had been prepared, and Gant's counsel conveyed that they had not been. Gant's counsel then said, "I think he has one reckless driving on his record." Both attorneys agreed that they thought the guidelines would "come back probation and no incarceration." Judge Cella then asked counsel to "submit Guidelines so that we can have them for the file, because the Supreme Court audits the files to see if we have Guidelines." There was no mention of a presentence report at any time.

Judge Cella then finished the plea colloquy, found Gant guilty, and imposed the agreed sentence. Judge Cella again reminded counsel to obtain the guidelines for the file. At this point, Gant's counsel apologized and informed the court, "I do believe [Gant] had one obstruction charge, that was a long time ago." Judge Cella confirmed with counsel that this prior offense was still a misdemeanor, making the present conviction his first felony, and then remarked, "I understand. This is one of those cases where being convicted of a felony is probably some punishment in and of itself. That's the decision."

A corresponding trial and sentencing order was entered the next day. This order documented the defendant's plea and that the court found the defendant guilty of the felony eluding charge. The order then stated that "[t]he presentence report is waived by the Court, by the defendant after consultation with counsel, and by the attorney for the Commonwealth" and that

"[p]ursuant to provisions of Virginia Code § 19.2-298.01, the Court has considered and reviewed the applicable discretional sentencing guidelines and the guidelines worksheets."

After the hearing, a probation officer completed the guidelines calculation which recommended a sentence range of seven months to one year of incarceration with a midpoint of ten months. A few days after that, Judge Cella entered an order rescinding his prior order, stating that the prior order was "based on erroneous information that was represented to the Court" and that "this case shall be scheduled for a new sentencing hearing."

The new sentencing hearing was originally set for December 22, 2020, but Gant never received notice of that hearing.

The next hearing took place on April 1, 2021, before Judge Joseph M. Teefey.[3] At the very beginning of the hearing, Gant's counsel explained to the court the history and posture of the case and that (after the original sentencing) the guidelines came back with a different recommendation than the parties had anticipated. Gant's counsel then requested a presentence report "for the purpose of just doing a background investigation and putting him in a better light before the Court." Judge Teefey responded that "[Gant] waived that because he waived a presentence report when it was initially put into place." Gant then spoke up himself and said, "I never got a presentence report," and Gant's counsel explained again that "we had originally waived that because we had thought the guidelines were going to be probation, no incarceration" and that "[w]e didn't realize it was going to call for active incarceration which it does now." Judge Teefey responded that "you probably should have made that motion a long time ago when this thing was put back on the docket" and that "at the last minute you walk into court and you ask for a presentence report when you waived it before, the Court deems it was waived."

---

[3] This hearing is labeled in the record as a "resentencing hearing," and both parties represented to the circuit court that they were at the hearing for resentencing purposes. No one suggested there were any issues with the prior determination of guilt.

Then, the court went on to sentence Gant. It reviewed the guidelines and stated, "we're talking about a sentence range of seven months to one year, midpoint ten months." The Commonwealth then advocated for a sentence at the high end of the guidelines. Gant's counsel continued to ask for a sentence of probation. No one mentioned a plea agreement. Judge Teefey then explained that the sentencing guidelines put him "in a category where it looks like you need to serve an active sentence," and sentenced Gant to the midpoint of the guidelines: ten months of active incarceration, with two years and two months of a three-year sentence suspended. This Court granted Gant's petition for appeal.[4]

## II. ANALYSIS

Gant assigns error to the circuit court's refusal to grant his request for a presentence report pursuant to Code § 19.2-299(A), which he alleges denied him a fair sentencing hearing. When an appellant argues that a trial court "misapplied a statutory exception . . . the argument presents a mixed question of law and fact, which we review *de novo* on appeal." *Hodges v. Commonwealth*, 64 Va. App. 687, 693 (2015).

The Commonwealth argues that Gant procedurally defaulted his assignment of error by failing to argue to the trial court that he had an "absolute right" to a presentence report.[5] But Rule 5A:18 "does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial." *Lash v. County of Henrico*, 14 Va. App. 926, 929 (1992) (quoting R. Martineau, *Modern Appellate Practice* § 3.8 (1983)).

---

[4] This Court granted Gant's petition for appeal on October 22, 2021, before the effective date of the General Assembly's amendment to Code § 17.1-406 permitting an appeal of right. *See* 2021 Va. Acts ch. 489, Spec. Sess. I.

[5] At oral argument, counsel for the Commonwealth agreed that Gant had adequately preserved whether a presentence report "should have been granted under the terms of the statute," and argued only that Gant failed to preserve whether he had waived his right to a presentence report.

"Nor does [Rule 5A:18] prevent this Court, on its own initiative, from relying on statutory or judicial authority that was not presented to the trial court or referred to in the briefs submitted by the parties." *Id.* As we explain below, absent any plea agreement or waiver, Gant was entitled to a presentence report under Code § 19.2-299(A). There was no plea agreement in place at the April 2021 hearing, so when Gant requested a presentence report at the beginning of that hearing, the trial court understood that the issue boiled down to waiver. Gant's counsel preserved the issue of whether any waiver had occurred by arguing that any prior waiver took place when the parties had a plea agreement, but that circumstances had changed by the April 2021 hearing. Therefore, whether Gant was entitled to a presentence report was "adequately presented" to the court.[6]

Turning to the statute at the center of this case, Code § 19.2-299(A) sets out the circumstances when a court *may* order a presentence investigation report, and when a court *must* order a presentence report. Code § 19.2-299(A). A report is mandatory when a defendant is adjudged guilty of any of the felony offenses listed in subsection (iii). *Id.* Where instead a defendant is found guilty of one of the offenses listed in subsection (i), the court "may, or on motion of the defendant shall" order a report. *Id.* Finally, for all other felonies,

> the court may [order a report] when there is a plea agreement
> between the defendant and the Commonwealth and shall [order a
> report], unless waived by the defendant and the attorney for the
> Commonwealth, when the defendant pleads guilty or nolo
> contendere without a plea agreement or is found guilty by the court
> after a plea of nolo contendere.

*Id.*

---

[6] Our dissenting colleague suggests the preservation issue is reducible to whether "I want a presentence report to aid my sentencing argument" amounts to arguing that "I am entitled to a presentence report as a matter of statutory right." We instead view the equation this way: "I want a presentence report to aid my sentencing argument" meant "I am not waiving my right to a presentence report." That the court immediately responded to Gant's request by addressing waiver confirms the court understood the same.

Thus, for the broad category of felonies that are not specifically listed in (i) or (iii), the statute requires a presentence report unless there is a plea agreement, or the defendant and the attorney for the Commonwealth both waive preparation of the report. When there is a plea agreement, or when the parties both waive a presentence report, the court retains the discretion to order a presentence report but is not required to do so. Before 1999, the statute did not distinguish between cases with plea agreements and cases without plea agreements. Instead, the statute required a presentence investigation report after a felony conviction whenever the defendant requested one. *See* Code § 19.2-299(A) (1983) ("the court may, or on the motion of the defendant shall . . .").

Gant relies on several of our prior cases to argue that he has an "absolute right" to have a presentence investigation and report prepared prior to his sentencing. Indeed, we explained that "[a] defendant convicted of a felony has an absolute right to have a presentence investigation and report prepared upon his request and submitted to the court prior to the pronouncement of sentence." *Duncan v. Commonwealth*, 2 Va. App. 342, 345-46 (1986), *superseded on other grounds by statute*, Code § 19.2-295.2, *as recognized in Allard v. Commonwealth*, 24 Va. App. 57, 68 (1997); *see also Smith v. Commonwealth*, 217 Va. 329, 331 (1976) ("[D]enial of the defendant's motion for a pre-sentencing investigation and report was reversible error."). The presentence report is critical because the sentencing guidelines are advisory, not mandatory, and the report "generally provides the court with mitigating evidence." *Duncan*, 2 Va. App. at 345.

While these cases relied on the pre-1999 version of the statute, they establish the relevant baseline to aid our interpretation of the current statute. A defendant convicted of a felony charge not set forth in subdivision (iii) of Code § 19.2-299(A) has an absolute right to a presentence investigation report unless both parties waive that right, or there is a plea agreement. A valid plea agreement removes many rights, and the statute establishes that a presentence report is among these

rights.  It would be inefficient, and unnecessary, to require the probation office to conduct a presentence investigation in every case when the parties have an agreed sentencing recommendation, or an agreed disposition.  But where there is no such agreement, the court needs more information about the defendant to determine an appropriate sentence and whether a guideline sentence is appropriate.

Applying this understanding here, Gant was convicted of felony eluding under Code § 46.2-817, an offense not separately listed in Code § 19.2-299(A)(iii).  As a result, he was entitled to a presentence investigation report unless (1) he had a plea agreement; or (2) both he and the Commonwealth waived preparation of the report.

The Commonwealth contends that there was a plea agreement in place when the parties appeared in October 2020 for what everyone anticipated would be both a guilty plea hearing and a sentencing.  The Commonwealth argues that "[t]he plea agreement was not reduced to writing, but it was understood by both parties."  At the beginning of this hearing, the prosecutor announced to the court that "we have reached an agreement in this case," that "[i]t's my understanding that Mr. Gant, through counsel, pled guilty to the felony eluding, and I will be nol prossing the two misdemeanor charges" and that "[w]e've also reached an agreement on disposition of the felony matter."  After conducting the guilty plea colloquy with Gant, the court asked the prosecutor for the "sentencing recommendation" and the prosecutor responded that "the recommendation if he pleads guilty will be probation for one year, no active jail time."

We accept that—at first—the parties had a plea agreement, even though our Rules provide that "[i]f a plea agreement has been reached by the parties, it must, in every felony case, be reduced to writing, signed by the attorney for the Commonwealth, the defendant, and, in every case, his

- 7 -

attorney, if any, and presented to the court." Rule 3A:8(c)(2).[7]  What kind of plea agreement the

parties intended to put in place poses another question.  The prosecutor originally announced that

the unwritten plea agreement included an agreed "disposition," but later responded to the court's

question about the "recommendation" in the case using the same language.  The difference

between an agreed disposition, and an agreed recommendation, is a significant one.  If a court

rejects an agreed disposition agreement, Rule 3A:8(c)(4) requires the court to "advise the

defendant personally in open court . . . that the court will not accept the plea agreement" and inform

him that "if he does not withdraw his plea, the disposition of the case may be less favorable to him

than that contemplated by the plea agreement."  In contrast, Rule 3A:8(c)(2) governs agreed

recommendation agreements, under which a defendant has "no right to withdraw his plea, unless

the Commonwealth failed[ed] to perform its part of the agreement."

Because the parties, and the court, all understood there was a plea agreement in place in

October 2020, the court had the discretion to proceed directly from the guilty plea to sentencing

(which occurred), or to order a presentence report and set a sentencing for a later date.  The wrinkle

here is the court's subsequent order reversing what would have otherwise been a final order of

judgment, and setting the case for "resentencing."  We assume that the orally-announced plea

agreement was precisely what the prosecutor said it was—an agreed "disposition."  When the court

then revoked the judgment order which had imposed the agreed disposition, it rejected the plea

agreement.  There was, thus, no more plea agreement and Gant had the option to continue forward

---

[7] Gant has not argued that his conviction must be overturned because the plea agreement failed to comply with our rules.  *Cf. Winslow v. Commonwealth*, 62 Va. App. 539, 546-47 (2013) (finding that the violation of the writing requirement in Rule 3A:8(c)(2) does not render a conviction void *ab initio*, although it might render the order voidable on direct appeal, and refusing to decide whether a court's transcript of the plea agreement terms may fulfill the writing requirement).

and be sentenced based on his open plea of guilt, or to withdraw his guilty plea and proceed to trial. Relevant here, Gant also had the right to have a presentence report prepared.

By the time of the April 2021 "resentencing" hearing, it was evident to the parties and the court that there was no plea agreement. No one mentioned any plea agreement, and the Commonwealth actively requested one year of incarceration instead of the one year of probation the plea agreement required. Even if the plea agreement orally announced in October 2020 included only a joint "recommendation" as to the appropriate sentence, it would not change the result here as the parties' subsequent conduct reflects their common understanding that the court's order revoking the judgment and sentence had effectively terminated the plea agreement. In any event, Gant was never advised he had the right to withdraw his plea when the Commonwealth asked for active incarceration. *See* Rule 3A:8(c)(2) (a defendant with an "agreed recommendation" plea agreement has "no right to withdraw his plea, unless the Commonwealth failed to perform its part of the agreement"). With no mention of a plea agreement, no written agreement, no advisements that would reflect the presence of a plea agreement, and no one following the previously announced terms, we conclude that no plea agreement existed.

Because there was no plea agreement, Gant had a right to a presentence report, unless he waived preparation of the report. But Gant could not have waived his right to a presentence report before that right existed. A waiver is "a knowing and intelligent relinquishment or abandonment of a known right or privilege." *Grogg v. Commonwealth*, 6 Va. App. 598, 611 (1988) (quoting *Edwards v. Arizona*, 451 U.S. 477, 482 (1981)). A waiver "not only must be voluntary but must be [a] knowing, intelligent act[,] done with sufficient awareness of the relevant circumstances and likely consequences." *Travis v. Finley*, 36 Va. App. 189, 199 (2001) (quoting *Brady v. United*

*States*, 397 U.S. 742, 748 (1970)).  Gant's right to a presentence report was created when his plea agreement fell apart, so he could only knowingly relinquish or abandon that right after it existed.[8]

After the plea agreement ceased to exist, Gant had a right to a presentence report, and nothing shows he waived that right.  To the contrary, Gant's counsel asked the court to order a presentence report at the beginning of the resentencing hearing—the first time the parties had appeared before the court after the order revoking the prior trial and sentencing order.  The court refused this request, concluding that Gant had waived his right to a presentence report "when it was initially put into place."  But because Gant had no right to waive at that time, the court erred as a matter of law.  Finally, the statute contains no time limit under which a defendant must make a request for a presentence report, so if the court implied a waiver from Gant's failure to request a presentence report sooner, this was also an error of law.[9]  Because the statute required a presentence report here, we need not reach Gant's alternative argument that, to the extent ordering a report was permissive, the court abused its discretion by failing to do so.

For these reasons, we conclude the circuit court erred by sentencing Gant without a presentence report, and we reverse and remand for resentencing.  At that resentencing, the court will have the benefit of evaluating the information in the presentence report and can then determine whether a sentence within, below, or above the guideline range is appropriate.  Finally, we observe that the confusion over whether Gant was entitled to a presentence report may have been avoided

---

[8] It is irrelevant that the later-revoked trial and sentencing order included the notation that "[t]he presentence report is waived by the Court, by the defendant after consultation with counsel, and by the attorney for the Commonwealth."  At the time, Gant was not required to waive a presentence report, because he had no right to a report.  Because the record does not reflect any active waiver of the presentence report during the joint guilty plea and sentencing hearing from October 2020, we assume this language was based on the fact that everyone agreed to proceed directly to sentencing, consistent with the plea agreement.

[9] While it would have been more efficient for Gant's counsel to make this request prior to the resentencing, given all the unusual aspects of this case, it is certainly possible Gant's counsel did not know until the day of the hearing that the Commonwealth was now seeking active incarceration.

here had the original plea agreement been reduced to writing and had Gant been properly advised of his rights at the original guilty plea and sentencing hearing.  *See* Rule 3A:8.

### III.  CONCLUSION

For the above reasons, the circuit court's denial of Gant's request for a presentence report is reversed and the case is remanded for resentencing consistent with this opinion.

*Reversed and remanded.*

Huff, J., dissenting.

The majority paints a compelling picture of all the things that went wrong in the circuit court. So compelling, even, that if all else were equal, I would perhaps not be writing separately today. But all else is not equal, as I cannot see how the argument underlying the majority's analysis—that appellant was statutorily entitled to a presentence report—was preserved in the circuit court. I therefore respectfully dissent.

At the hearing on April 1, 2021, appellant's trial counsel requested a presentence report "for the purpose of just doing a background investigation and putting [appellant] in a better light before the Court." After that request, the exchange between appellant, his trial counsel, and the circuit court unfolded as the majority describes. *Ante* pp. 3-4. This exchange put the circuit court on notice of two things and two things only: (1) appellant wanted a presentence report to aid his arguments for sentencing and (2) the reason appellant did not initially request one is because he and the Commonwealth misunderstood the sentencing guidelines during the plea-bargaining stage.

But appellant now takes an entirely new angle on appeal. He not only conveys that he wants a presentence report—that much has been clear from the beginning—but now argues he was *statutorily entitled* to a presentence report under Code § 19.2-299(A)(ii). Appellant never made this statutory argument in the circuit court. Instead, he simply requested a presentence report and argued it would place him "in a better light" before the circuit court as the court considered what sentence to give him. No more, no less.

If a litigant wants to preserve an issue for appellate review, he must ensure "the argument asserted on appeal [is] the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). And when our case law says, "the same," it means "the same," not somewhere in the general ballpark. *See, e.g.*, *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011) ("Not just any objection will do. It must be . . . *specific* . . . so that the trial judge

- 12 -

would know the *particular point* being made . . . ." (second emphasis added) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 750, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005))); *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (*en banc*) ("[A] *specific* argument must be made to the [circuit] court . . . or the allegation of error will not be considered on appeal." (emphasis added)).

Citing this Court's decision in *Lash v. County of Henrico*, 14 Va. App. 926, 929 (1992), the majority correctly notes that Rule 5A:18 does not prevent a litigant from relying on statutes or case law not offered to a circuit court. But that principle applies only when "a position [was] *otherwise adequately presented at trial*." *Id.* (emphasis added) (quoting R. Martineau, *Modern Appellate Practice* § 3.8 (1983)). And here, appellant did not adequately present the position he now takes on appeal before the circuit court, which means this Court's observations in *Lash* are beside the point.

In short, my formulation of the preservation issue here is simple: "I want a presentence report to aid my sentencing argument" is not the same as "I am entitled to a presentence report as a matter of statutory right." So, I conclude appellant's statutory argument and all the subsidiary points predicated on it are waived. Rule 5A:18.[10]

---

[10] Appellant offers an alternative argument to support the idea that his general request for a presentence report preserved the more specific statutory argument he makes on appeal. Namely, he relies on Code § 8.01-384(A), which provides in part that "[f]ormal exceptions to rulings . . . shall be unnecessary . . . [if] a party, at the time the ruling . . . is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." The majority does not adopt this alternative reasoning, and rightly so. That statutory provision does not relieve a litigant of the obligation to provide specific arguments to a circuit court. Instead, the provision by its plain terms merely relieves a litigant of the obligation to note "formal exceptions" to a court's rulings when preserving issues for appellate review. And even then, it does so only when a party provides the "grounds" supporting the action he wants a court to take. *See Brown v. Commonwealth*, 279 Va. 210, 217 (2010) ("Under Code § 8.01-384(A) . . . if a trial court is aware of a litigant's *legal position* and the litigant did not expressly waive such *arguments*, the arguments remain preserved for appeal." (emphasis added)); *Brandon v. Cox*, 284 Va. 251, 254 (2012) ("The statute and [contemporaneous objection] rule have been interpreted to mean that a party must state the *grounds* for an objection so that the trial judge may understand the precise question or questions he is called upon to decide." (emphasis added) (citations and internal quotation marks omitted)).

But that conclusion only does away with the primary argument appellant puts forward. In an alternative argument made in his reply brief, appellant asserts that assuming a presentence report was discretionary in this case, the circuit court abused its discretion by refusing to order one because that decision deprived him of an opportunity to introduce mitigating evidence.[11]

I disagree. The abuse of discretion standard embodies the principle that "for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts—yet still remain entirely reasonable. This bell-shaped curve of reasonability . . . rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Hamad v. Hamad*, 61 Va. App. 593, 607 (2013). In general, "[a]n abuse of discretion occurs only when 'reasonable jurists' could not disagree as to the proper decision." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)). An abuse of discretion also occurs when a court "(1) does not consider a relevant factor that should have been given significant weight, (2) considers an

---

[11] While appellant did preserve this point below, that argument was not included in his opening brief as required by Rule 5A:20(e). Generally, this Court will not consider an issue raised for the first time in a reply brief. *Epps v. Commonwealth*, 47 Va. App. 687, 716 n.8 (2006). Because Rule 5A:20(e) is non-jurisdictional, however, a failure to comply with it does not automatically mean an argument is waived. *Jay v. Commonwealth*, 275 Va. 510, 520 (2008). Instead, it is left to this Court's judgment to discern whether an appellant's non-compliance is "significant" and therefore warranting of this Court treating an issue as waived. *Id.*

In weighing the circumstances of this case, I conclude appellant's non-compliance with Rule 5A:20(e) was not "so substantial as to preclude [this Court] from addressing the merits of the case." *See Moore v. Commonwealth*, 276 Va. 747, 756 (2008) (discussing the "circumstances" of the case in reversing this Court's conclusion that an appellant's violation of Rule 5A:12(c) prevented it from considering the merits of the appeal). For one thing, appellant did preserve the abuse of discretion argument in the circuit court, which means this Court would not be entertaining a time-wasting reversal of a ruling that could have been corrected in the circuit court. For another, the Commonwealth in its brief preemptively rebutted the claim that the circuit court abused its discretion in denying appellant's request for a presentence report, and it had the opportunity to flesh that assertion out at oral argument. Finally, the authorities relevant to appellant's abuse of discretion argument were, in the aggregate, brought to this Court's attention through both the parties' briefs as well as oral argument. So this is not a case where this Court became a "depository in which the appellant . . . dump[ed] the burden of argument and research." *See Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (citation omitted).

irrelevant or improper factor and gives it significant weight, or (3) considers all relevant factors but makes a clear error of judgment in weighing the factors." *Clark v. Commonwealth*, 73 Va. App. 695, 705 (2021) (citations and internal quotation marks omitted).

Here, there is no evidence the circuit court failed to consider any relevant factor it was required to when denying appellant's request for a presentence report. Nor is there any evidence the circuit court gave significant weight to a factor it was prevented from considering as a matter of law. Instead, the court considered all the relevant circumstances before it: (1) that appellant requested the presentence report to aid the court's sentencing decision; (2) that appellant initially waived completion of a presentence report prior to his guilty plea; and (3) that appellant waited until his new sentencing hearing on April 1, 2021, to request the report—roughly five months after his original sentence was rescinded by the November order. In weighing those circumstances and the competing equities, the court decided appellant's initial waiver and his significant delays outweighed appellant's interest in having a presentence report for sentencing.

I cannot say the circuit court's decision was a clear error in judgment or beyond what reasonable jurists could decide. For that reason, and because I view appellant's primary statutory argument as waived, I would affirm the circuit court's judgment and therefore respectfully dissent from the majority's opinion.